## FINCH VS. PHILLIPS.

EVIDENCE. *(1) Declarations of party after the controversy arose; when their admission error. (3) Opinion of witness.*

REVERSAL OF JUDGMENT. *(2) When judgment not reversed for rejection of proper evidence.*

NEW TRIAL: *(4) For newly discovered evidence.*

1. The written declarations of a party upon the subject matter of the controversy, which were made after the controversy had arisen, and are in

accord with his evidence at the trial, should not be admitted as evidence in his favor. But where such declarations are not of a character to strengthen the evidence in favor of such party, their admission is not ground of reversal. *Hazleton v. Union Bank*, 32 Wis., 34; *Schuser v. The State*, 36 id., 439.

2. The rejection of evidence bearing only upon the amount of plaintiff's damages, is not material error, where the jury find that plaintiff has no cause of action.

3. In an action for breach of warranty of a mare, where the plaintiff claimed that soon after the purchase the animal was found to have a bone spavin, defendant was permitted to testify that he did not think it possible that when he sold her she should have had a bone spavin, without his knowing it. *Held*, no error.

4. The mare was purchased at Delavan, in Walworth county, and driven by plaintiff's agent, *via* Fond du Lac, to Oshkosh; and was examined several days after by persons who testified for plaintiff, as experts, that there was then a small bunch on one leg, which subsequently proved to be a bone spavin; and they also stated their opinions as to the time which had probably elapsed since the injury was inflicted. After a verdict against the plaintiff, he asked for a new trial on the ground of newly discovered evidence, upon affidavits showing that an expert had examined the mare at Fond du Lac, when she was being driven to Oshkosh, and would testify that she then had a bone spavin so developed that the injury must have been inflicted at least four months previously. *Held*, that the proposed evidence, being of a distinct *fact*, is not strictly *cumulative*; and, there being nothing in the case tending to show a want of diligence in respect to such evidence, a new trial should be granted, on terms.

APPEAL from the Circuit Court for *Fond du Lac* County.

Action for damages for the alleged breach of a warranty of soundness on the sale of a mare. The answer admits that the defendant sold the plaintiff a mare at the time and for the price stated in the complaint, and contains a general denial of all other allegations of the complaint.

It appeared on the trial that the plaintiff purchased the mare of the defendant at Delavan in Walworth county; that the defendant drove her to Watertown, and delivered her to the agent of the plaintiff, who drove her to Oshkosh, where the plaintiff resides, and delivered her to the plaintiff. Soon after she left Watertown, the mare appeared to be lame in the

near hind leg, and such lameness continued after she arrived at Oshkosh. She was examined soon after her arrival there, by several gentlemen, who testified on the trial as experts; and their testimony tends to show that her near hip was defective, and that there was a small bunch on her near hind leg, which by subsequent development proved to be a bone spavin. The testimony on behalf of the defendant tended to disprove the alleged warranty, and also tended to show that the mare was sound when plaintiff purchased her.

The only exceptions taken on the trial which are relied upon here, were to the rulings of the judge on objections to the admission of testimony. The sale was made January 29 1874. A letter from the plaintiff to the defendant dated February 10, 1874, stating that the mare was lame and did not come up to the representation of the latter that she was sound, and the answer of the defendant thereto, expressing his regret and stating that he had never known her to be lame, were read in evidence. The defendant was permitted to read in evidence, against the plaintiff's objection, the following letter addressed by him to the plaintiff:

"Milwaukee, June 7, 1874. EARL P. FINCH, Esq., Oshkosh, Wis. Sir: I came home Saturday and found a letter from you, written some two weeks ago. Now in regard to the sorrel mare, I sold her to you in good faith, expecting I was dealing with a gentleman. If that she has not fulfilled your expectations, I am sorry, and I will do as I agreed in every particular. I told you if she did not suit you, I would deal you anything else, or would let you have the amount received out of the shop at Clinton, which I am still willing to do if the mare is all right as when I sold her to you. Why did you not see me at Freeport? Saw your name on the register, and inquired for you. Think you ought to have seen me. I have had a good deal of bad luck in horses this spring, but have some good ones left, and I propose to do with you as talked, to the letter. If you will come to me and do as you would be

done by, there won't be any hard feelings between us, but don't propose to pay you $600 cash back for the mare. I have heard a good deal said, whether it is true or not, it is not for me say. I understand you say, can prove the mare was not sound when bought her of me. If so, you can do far more than I think you can, and you have the right to try.

"If that you will come to our place, think I can suit you, but I sha'n't scare worth a cent. I shall do what I think is just and right, and nothing else. I have thought you a different man from Cameron. I am on my way to Michigan. Yours in haste. C. W. Phillips, Delavan, Wisconsin."

The letter to which this purports to be an answer, was not offered in evidence.

The admission of this letter is assigned as error. The other errors assigned are stated in the opinion.

The jury found for the defendant. A motion to set aside the verdict and for a new trial was made by the plaintiff, on the ground that the judge erred in his rulings during the trial, and for newly discovered evidence. The affidavits upon which the motion was founded, show that about ten days after the trial the plaintiff learned for the first time that one John L. D. Eyclesheimer, an expert in such matters, examined the mare at Fond du Lac, when she was being driven from Watertown to Oshkosh, and found that she had a bone spavin so developed that the injury which produced it must have been inflicted at least four months previously, and that Eycleshcimer would so testify on another trial of the action.

The motion was denied, and judgment for the defendant was entered on the verdict. The plaintiff appealed from the judgment.

C. W. Felker, for appellant, to the point that it was error to admit the defendant's testimony that the spavin could not have existed on the mare's leg when he sold her, without his knowing it, cited People v. Bowdine, 1 Denio, 281–311; Morehouse v. Mathews, 2 N. Y., 514; 6 id., 168–175. To the

point that it was error to admit in evidence the letter written by defendant to the plaintiff, he cited 1 Phil. Ev. (4th Am. ed.),· 402, note 117; *Fearing v. Kimball*, 4 Allen, 125; 11 Wis., 96–105; 5 U. S. Dig. (1st series), p. 660, sec. 3598. He also contended that a new trial should have been granted on account of the newly discovered evidence; and to the point that such evidence was not cumulative, he cited *Waller v. Graves*, 20 Conn., 305; *Parker v. Hardy*, 24 Pick., 246; *Garder v. Mitchell*, 6 id., 114; *Watts v. Howard*, 7 Met., 478; *Guyott v. Butts*, 4 Wend., 579; *Kane v. Burrus*, 2 Sm. & Marsh., 313; *Kirby v. Waterford*, 14 Vt., 414; *Platt v. Munroe*, 34 Barb., 291.

*A. D. Thomas*, for the respondent, contended that the rulings of the court in respect to evidence were free from any material error; and that a new trial was properly denied, 1. Because the proposed evidence was purely cumulative. Gra. & Wat. N. T., 1046, 1052–3, 1059; Hilliard on N. T., 491–493, note (a), 465, § 6, 499, § 14, 501, § 14, 502, note (a).· 2. Because the plaintiff did not show that he had used any diligence in trying to obtain the proposed testimony for use on the trial. *Edmister v. Garrison*, 18 Wis., 603; *Carlisle v. Tidwell*, 16 Ga., 33; Hilliard on N. T., 511, § 35, 516, § 36.

LYON, J. 1. In his testimony on the trial, the defendant substantially denied that he warranted the mare sound, and stated the contract to have been that if she did not suit the plaintiff after he had tried her, the defendant would let him have buggies or other horses for her. The letter of June 7, 1874, the admission of which in evidence is assigned as error, is not as pointed as the testimony of the defendant, yet perhaps it may fairly be understood as implying the same version of the contract. We have then a case in which a party has been permitted to give in evidence his written declarations on the subject matter of the controversy, made after the

controversy had arisen, which declarations accord with his testimony on the trial. It is clear that the letter ought not to have been admitted; for it was a mere *ex parte* statement by the party in his own interest. But it by no means follows that its admission will work a reversal of the judgment. That result only follows when the appellant may have been prejudiced by the error. We are entirely unable to perceive how the plaintiff could have been prejudiced by the letter in question. It does not strengthen his testimony in the least, but, because it does not directly and positively deny the warranty and assert the contract to have been as the defendant now claims and testifies, it rather weakens his testimony. The point was ruled in *Hazleton v. The Union Bank of Columbus*, 32 Wis., 34, where it was held that the improper admission of such testimony under similar circumstances was not cause for reversal. (pp. 45–6.) See also *Schaser v. The State*, 36 id., 429. We must hold, therefore, that the admission of the letter of June 7th is an immaterial error.

2. A witness of great intelligence, and evidently a very competent expert in matters pertaining to horses, after testifying that he examined the mare in controversy a short time after she arrived at Oshkosh, and found that she had a bone spavin in process of formation, was asked the following question on behalf of the plaintiff: "Is not a horse that has a bone spavin more likely to be injured in that place than it is before it is spavined?" An objection to this question was sustained, and it is claimed that the ruling is erroneous.

The answer to the question might have tended to show the effect of the unsoundness, and hence was competent as affecting the amount of damages. It is not apparent that it was admissible for any other purpose. Inasmuch as the jury did not reach the question of damages, the exclusion of the testimony did not injure or prejudice the plaintiff.

3. The defendant was allowed to testify in his own behalf that he did not think it possible for the mare to have a bone

spavin when he sold her, and he not know it. We think the testimony admissible.

The above are the only exceptions taken to the rulings of the court during the trial which are relied upon by the plaintiff.

4. The foregoing views dispose of the motion for a new trial so far as it is founded on alleged erroneous rulings during the trial. The question only remains, Should the motion have been granted for newly discovered evidence? It is claimed for the defendant that the motion was properly denied on two grounds: 1. Because the plaintiff failed to show that he exercised proper diligence to discover the evidence before the trial; and 2. Because the newly discovered evidence is merely cumulative, and hence, no ground for a new trial.

As to the first objection, it is sufficient to say that we find nothing in the case which tends to show a want of diligence by the plaintiff in this behalf. It does not appear that the plaintiff's agent who passed through Fond du Lac with the mare, or any witness produced on the trial, knew that Eyclesheimer had examined the mare; and we discover no fact in the case sufficient to have put the plaintiff on further inquiry as to who examined the mare in Fond du Lac.

Is the alleged newly discovered evidence merely cumulative to that introduced on the trial? There was considerable testimony introduced to the effect that an examination of the mare some days after her arrival at Oshkosh disclosed indications of a bone spavin in process of formation on her near hind leg; and witnesses gave their opinions as to the time which had probably elapsed since the injury was inflicted that caused those indications. But no witness testified to having discovered the same before that time; and the only evidence that these indications existed when the plaintiff purchased the horse was the opinion of the experts based upon their knowledge of the nature and characteristics of the alleged unsound-

ness. Because they found the spavin in process of formation in February, they inferred (perhaps correctly), and the jury were asked to infer, that her condition was the same in January. But there is reason to believe that the jury failed to do so.

In the late case of *Wilson v. Plank, ante,* p. 94, we had occasion to consider what is cumulative evidence, within the rule which prohibits the granting of a new trial for newly discovered evidence of that character. We there held that evidence which establishes a given fact is not cumulative to that which establishes another fact, although both facts may tend to prove the same proposition or issue.

In the present case the issue was, whether the mare was spavined when the plaintiff purchased her in January. The evidence on the trial was to the effect that at a certain time after the purchase the mare was spavined, or that there were indications that she had received an injury from which a bone spavin was being developed. From this fact and other evidence the jury might have found that the unsoundness existed at the time of the sale. The evidence tended, therefore, to prove the issue for the plaintiff. But the jury may have found, and probably did find, the evidence insufficient for that purpose. The newly discovered evidence is to the effect that at a prior time, and very recently after the purchase, the mare had a bone spavin in such a stage of development that it must have existed at the time of the purchase. This evidence would also tend to prove the issue for the plaintiff, and in that sense is cumulative, but it would tend as well to prove a distinct fact which the plaintiff was unable to prove on the trial, and in that respect is not cumulative.

Had Eyclesheimer testified to that fact on the trial, his testimony, if the jury believed it to be true, would have proved the unsoundness of the mare at the time the plaintiff purchased her. Hence, the alleged newly discovered evidence is material.

We are impelled to the conclusion that the case is within

## JANUARY TERM, 1877.     395

Everdell and another vs. The Sh. & F. du L. R. R. Co. and another.

the rule of *Wilson v. Plank, supra*, and that a new trial should have been granted.

*By the Court.* — The judgment is reversed, and the cause remanded with directions to the circuit court to award a *venire facias de novo* on such terms as that court shall deem just.