## TORREY and another, Executors, vs. NIXON.

### *(1) Evidence.   (2) Reversal of judgment.*

1. The question being, whether defendant or one P. was the lessee in a parol lease of land from the plaintiffs, one of the latter testified that there was to have been a written lease; that he procured one to be drawn, which was signed by himself and P.; that he presented it to defendant for signature, but he refused to sign it; and that he (said plaintiff) retained the instrument, but could not find it, nor recollect its contents. Plaintiff's having been duly notified to produce said instrument, it was error to reject proposed testimony of the defendant as to its contents — that P., and not defendant, was named as lessee therein, and that defendant was merely asked and refused to sign it as surety for the rent.

[2. RYAN, C. J., in a separate opinion, criticises *Finch v. Phillips*, 41 Wis., 387, so far as it seems to hold that a judgment might not be reversed for an error in permitting a party to give in evidence in chief his own subsequent letter relating to the transaction out of which the action arose, where the evidence was merely cumulative.]

APPEAL from the Circuit Court for *Kenosha* County.

Action to recover the rent of a farm alleged to have been leased to defendant by plaintiffs, as executors of the last will and testament of George Derbyshire, deceased. It appeared on the trial that plaintiffs leased the farm, by parol, either to the defendant or to one Paddock. The principal question litigated on the trial was, whether defendant or Paddock was the lessee; and on that question the testimony is conflicting. Paddock occupied the farm during the term of the lease.

The plaintiff *Torrey* was examined before the county judge, at the instance of the defendant, pursuant to secs. 54 and 55, ch. 137, R. S., as amended (Tay. Stats., 1602, §§ 80 and 81), and his examination was read in evidence on the trial. He

therein testified, in substance, that there was to have been a written agreement for the leasing of the farm, and he procured one to be drawn, which was signed by himself and Paddock; that he presented the instrument to the defendant for his signature, but the latter did not sign it; and that he *(Torrey)* retained the instrument, but was unable to find it, or to recollect its contents.

After proving due service of notice to produce the instrument, defendant was called as a witness in his own behalf, and his counsel proposed to prove by him the contents of the instrument, and that it was a lease of the farm from the plaintiffs to Paddock; that it was signed by *Torrey* and Paddock; that there was a blank left in it for the signature of a surety for the rent; that it was presented to defendant to sign as such surety, but he refused to sign it; and that defendant's name did not appear in the instrument. Plaintiffs objected to the admission of this testimony, and the circuit court sustained the objection.

From a judgment in favor of the plaintiffs, the defendant appealed.

For the appellant, a brief was filed by *Fish & Lee*, and there was oral argument by *Mr. Fish*. They contended that the exclusion of material and competent evidence, offered by the losing party, upon a question of fact found against him, is error for which a new trial should be granted, or a judgment reversed; and that it is not for the court, in such a case, to determine what effect any relevant fact would have had on the jury (Hilliard on N. T., 313, note 7); that *Torrey's* testimony, taken most favorably to the plaintiffs, shows an oral agreement between him and *Nixon* as to the terms of a written lease, to be thereafter prepared by *Torrey*, but does not show the making of an oral lease, nor any intention of making one; that the intention in such a case governs (1 Durnf. & East, 735; 5 id., 163–167); and that *Nixon's* refusal to execute the lease, when prepared, would not convert the previous

negotiations into an oral contract to occupy the land upon the same terms. *Wolf v. Mitchell*, 24 La. An., 433; *Quackenbos v. Lansing*, 6 Johns., 45.

For the respondent, a brief was filed by *J. V. & C. Quarles*, and there was oral argument by *J. V. Quarles*. They contended, 1. That the written lease was prepared some time after Paddock had taken possession under the oral agreement made by defendant, and the rights of the parties were fixed *by the fact of occupation*. It had never been executed as a contract, had no legal existence, and could not have been used by plaintiffs as evidence. *Gilchrist v. Brooklyn*, 59 N. Y., 495; *Finch v. Phillips*, 41 Wis., 391. 2. That even if this paper had been duly executed and delivered by Paddock, and accepted by plaintiffs, it would only have given plaintiffs a remedy against Paddock, which would be merely cumulative, and would have had no effect upon the original contract. *Tarr v. Northey*, 17 Me., 115; Throop on Verbal Agreements, 219, and cases there cited. 3. That the contents of the paper had no relevancy to the issue as an *admission*. If a lease was made by *Torrey* for Paddock to execute, that was an independent fact, which could be proved without resort to the paper itself, and which the paper would not establish. *Green v. Goble*, 7 Kans., 300; *Dalison v. Stark*, 4 Esp. R., 163; *Doe v. Cartwright*, 3 Barn. & Ald., 326. 4. That the evidence offered to show that there was a blank for a surety for the rent, and that the instrument was presented to the defendant to sign as a surety, did not tend to establish the allegations of either party. It must be regarded as a conditional admission, or unaccepted proposal. 2 Starkie on Ev., 22; *Doe v. Cartwright, supra; Flood v. Mitchell* (N. Y. Ct. of App.), 4 Weekly Reg., 166. 5. That in view of the finding of the jury that the contract was made originally as claimed by plaintiffs, the subsequent transactions become immaterial; and even if the rejection of the testimony was a technical error, it wrought no prejudice to the defendant.

LYON, J. Due proof having been made of the loss of the lease which the plaintiff *Torrey* procured to be drawn, and which he and Paddock signed, and the plaintiffs having failed to produce it on notice, we cannot doubt that the defendant should have been permitted to prove its contents. *Torrey* testified that the plaintiffs leased the farm to the defendant, and not to Paddock; and it is manifest that if the instrument was what the defendant claimed and offered to prove it to be, it would go far to impeach the accuracy of *Torrey's* testimony, and to sustain that of the defendant, who testified that the agreement to lease the farm was with Paddock and not with him. Discussion of so plain a proposition is useless. The offered testimony was relevant to the issue, and the court should have permitted it to go to the jury. The rejection of it was not a mere technical or immaterial error, but one which may have prejudiced the defendant.

The judgment of the circuit court must be reversed, and the cause remanded for a new trial.

RYAN, C. J. Upon the argument of this appeal, my attention was first called to *Finch v. Phillips*, 41 Wis., 387, cited by the respondent, in which it appears to be held that, though it was error to allow a party to give in evidence in chief his own letter, relating to the transaction out of which the action arose, yet, as it was only cumulative to his testimony, it was not ground for reversal. *Hazelton v. Bank*, 32 Wis., 34, and *Schaser v. State*, 36 id., 429, are referred to in support of the position. I cannot think that either of the cases supports it, though there is a loose *dictum* in the latter which seems to countenance it. And it is in direct conflict with *Sorenson v. Dundas*, 42 Wis., 642.

*Finch v. Phillips* was decided during my absence from the court. The judgment was reversed upon another ground, and the position stated seems to have been immaterial to the decision. It therefore has not the weight of authority. And,

with great deference, I must take leave to enter my dissent from the position.

Parties cannot manufacture evidence for themselves, either primary or cumulative, by statements, verbal or written, subsequent to the transaction to which they relate. Such statements are very generally cumulative to other evidence. When parties are witnesses themselves, they are almost necessarily cumulative. And it does not affect their incompetence that they are cumulative. A party cannot be permitted to strengthen his own or other testimony, by proof of his own statements made *in pais*, at his own pleasure, without sanction. One who has a controversy and writes letters or makes speeches about it, must do so at his peril of their being given in evidence against him, but without hope of being able to aid his case by giving them in evidence himself. And when they go to a material point, their admission is ground of reversal, whether they be primary or cumulative. I beg leave, therefore, to say that I cannot accept the rule suggested in *Finch v. Phillips* as one binding on this court.

*By the Court.* — Judgment reversed, and cause remanded for a new trial.