See note to this case in 31 N. W. Rep. 303.— REP.

---

WHEREATT, Respondent, vs. ELLIS, Appellant.

*November 6, 1886 — February 1, 1887.*

*(1, 2) Judgment by default: Conditional order: Stay of proceedings: Appeal to S. C. (3) "Recovery of money only." (4) Interest: Pleading. (5) Vacating judgment: Terms: Discretion. (6) Appealable order.*

1. The circuit court ordered that the answer be stricken out and that the plaintiff have judgment as upon default unless the defendant do certain things within a certain time. The defendant failed to comply with the conditions of the order, but, after the time limited for such compliance, appealed from the order. A stay of proceedings upon the order, *pending the appeal,* was afterwards granted by this court. The order was affirmed. *Held,* that upon the filing of the *remittitur* the plaintiff was entitled, at once and without notice or further order, to judgment as upon default, in pursuance of the original order.

2. This court having in such matters appellate jurisdiction only will not, on affirming such an order, give further time for the appellant to comply with its conditions, but will leave that matter to the discretion of the court having original jurisdiction.

3. Under subd. 1, sec. 2891, R. S., judgment may be entered by the clerk for the amount demanded in the complaint, in an action

68 61
70 212
72 298
68 61
74 175
68 61
76 258
68 61
80 564
68 61
87 219

arising on contract for the recovery of money only, although the damages are unliquidated.

4. Where the plaintiff was entitled to interest on the amount due him from the time of the commencement of the action, he may include such interest in a judgment taken by default, although the damages were unliquidated and the interest was not specifically demanded in the complaint.

5. The relieving of a party from a judgment against him, under sec. 2832, R. S., and the terms upon which such relief shall be granted, are within the discretion of the trial court, and this court will not interfere unless there has been a manifest abuse of discretion.

6. An appeal will not lie from an order made by a judge at chambers.

APPEAL from the Circuit Court for *Trempealeau* County.

The following statement of the case was prepared by Mr. Justice Cassoday:

This action was commenced February 24, 1883. The defendant's demurrer to the complaint on the ground of insufficiency was overruled by the trial court; and the order overruling the same was affirmed by this court. 58 Wis. 625. The cause being remitted to the trial court and issue joined, the defendant was required to give his deposition "otherwise than as a witness on the trial," at the instance of the plaintiff, as prescribed by secs. 4096, 4097, R. S.; ch. 194, Laws of 1882; ch. 321, Laws of 1885; and having refused to do so, and upon affidavit showing the facts, and upon an order to show cause to the contrary served on the defendant, the trial court, July 2, 1885, ordered, in effect, that the motion of the plaintiff to strike out the defendant's answer and to give judgment against him as upon default or failure of proof be granted and allowed; that said answer be, and the same was thereby, stricken out; that judgment be rendered and entered therein in favor of the plaintiff and against the defendant as upon default, pursuant to the statute, unless the defendant, within twenty days from the date of the service of a copy of the order upon him or his attorney herein, appear before S. W. McCaslin,

Esq., a court commissioner, at his office, at the time and place named, within the twenty days aforesaid, to be by the defendant designated, and of which time ten days' notice in writing should be served by him on the plaintiff's attorney herein, and then and there be examined and give his examination by deposition in the manner required of him by the subpœna and notice therefor, and unless the defendant should also, within ten days after service of a copy of the order, pay to the plaintiff's attorney the sum of $10 allowed as costs of this motion. A copy of that order was served on the defendant's attorney herein July 13, 1885. July 20, 1885, the time for serving notice of defendant's intention to be examined on behalf of the plaintiff as provided in said order of July 2, 1885, was, by stipulation, extended to and including July 27, 1885, provided the $10 costs should be paid when such notice should be served. July 22, 1885, the trial judge, upon due application by the defendant therefor, refused to fix the amount of an undertaking to stay proceedings pending an appeal to be taken from said order. July 24, 1885, the defendant appealed from said order of July 2, 1885, and gave the usual undertaking, in the sum of $250, for costs and damages on such appeal. July 28, 1885, a temporary stay of proceedings in the trial court upon the order, pending the appeal, was granted by a justice of this court in vacation. September 22, 1885, such temporary stay was made permanent, pending such appeal, upon giving the requisite bond, which was done. The order of July 2, 1885, was affirmed by this court, and the cause remanded for further proceedings. 65 Wis. 639. The *remittitur* thereon was filed in the trial court, June 8, 1886, and notice thereof served on the defendant's attorney, June 10, 1886.

Upon an affidavit stating the facts a judgment, as upon a default, was entered in the trial court, June 11, 1886, wherein it was, in effect, adjudged that the plaintiff recover

of and from the defendant $2,893.45, the amount claimed in the complaint, with interest thereon since the commencement of this action, together with the further sum of $44.65 costs and disbursements, amounting in the whole to the sum of $2,938.10. June 12, 1886, the defendant served notice on the plaintiff's attorney of his willingness to comply with the conditions of the order of July 2, 1885, and designated June 22, 1886, as the time for so doing. That notice was immediately returned as unauthorized, and because the time limited in the order had expired, and the costs therein required had not previously been paid. June 15, 1886, the defendant obtained an order from the court to show cause, returnable June 17, 1886, why the judgment entered should not be set aside and vacated and the answer permitted to stand.

Upon the hearing of that motion, June 17, 1886, it was, in effect, ordered by the court that the said answer be permitted to stand as defendant's answer in the action, and the cause stand for trial, notwithstanding the striking out of the same, upon the condition that the defendant should, on or before June 22, 1886, pay to the plaintiff's attorney $10 costs of this motion, and the further sum of $10 costs allowed in the order of July 2, 1885, and the further sum of $10 taxed and allowed as the costs of the entry of said judgment, amounting in all to $30; and upon the further condition that the defendant appear and attend before said court commissioner at his office in Eau Claire, June 28, 1886, at 9 A. M., and from day to day thereafter as he might be lawfully required until his examination should be completed, and then and there be examined otherwise than as a witness on a trial, by deposition, at the instance of the plaintiff, as provided by the statutes above referred to; and it was therein further ordered, as a part of the terms and conditions of granting such order for the relief of the defendant, that the plaintiff may perfect his said judgment

so entered by the taxation and entry therein of the costs of said action; that in case the defendant complied with such terms and conditions the said judgment should stand as security for any judgment that the plaintiff might thereafter recover herein; that the same might be docketed and remain and be enforced as such security, and that transcripts of the docket of such judgment might be taken and filed as provided by law; that in case the defendant failed or refused to perform in all respects the conditions of such order, then such judgment should stand and be enforced as the final judgment of the court herein the same as though such order had not been made. It was therein further ordered, at the request of the defendant, in effect, that he might at his option give a bond as security, instead of retaining said judgment as specified therein, upon his complying with such conditions.

Afterwards, on June 23, 1886, the defendant applied to the judge at his chambers upon the records and papers on file in the action, and affidavits, to permit him to comply with the order of July 2, 1885, on payment of $10 costs as thereby required, and giving to the plaintiff not less than ten days' written notice of the time and place in Eau Claire at which he would be examined before said commissioner other than as a witness on the trial, and, upon being so examined, to permit his answer to stand, and this cause to be at issue and for trial thereon; and, in the mean time, until further ordered, staying plaintiff's proceedings upon said order of June 17, 1886, for a period not exceeding twenty days; and, such application having been duly heard on defendant's motion, the same was denied by said trial judge at chambers, and the order denying the same was therein ordered to be filed and entered with the clerk of the trial court. June 25, 1886, the defendant appealed to this court (1) from said judgment entered June 11, 1886; (2) from the whole of the order of the court made June 17,

1886, except the part which permits and requires the defendant to pay $10 costs of motion as a condition of being examined, and permits and requires him to be so examined, and the defendant's answer to stand, and this cause to be at issue thereon for trial; (3) from said order of said trial judge made at his chambers June 23, 1886.

For the appellant there was a brief by *Alexander Meggett*, attorney, and *W. F. Bailey*, of counsel, and oral argument by *Mr. Bailey.* They contended, *inter alia*, that judgment could not be entered by the clerk in this case. The phrase "for the recovery of money only" in subd. 1, sec. 2891, R. S., means for the recovery of a definite sum of money as such, and without calling upon the court to ascertain anything but the existence and terms of the contract by which it became due. *Tuttle v. Smith,* 14 How. Pr. 395; *Hemson v. Decker,* 29 id. 385. The judgment was irregular because the amount exceeded that demanded in the complaint. No claim for interest had been made. R. S. sec. 2886; *Marsh v. Fraser,* 37 Wis. 149; *Tyson v. Milwaukee,* 50 id. 90; *Zwickey v. Haney,* 63 id. 468.

*Levi M. Vilas,* for the respondent.

The following opinion was filed November 23, 1886:

CASSODAY, J. The facts disclose no lack of vigorous contention. The cause has been pending for nearly four years without any trial being had upon the merits. This is the fourth time we have been called upon to determine some question of practice. But every party may, in the forms prescribed by law, insist upon what he conceives to be his strict legal rights. Courts can do no less than to patiently listen, carefully consider, and then determine according to the law and the facts.

1. The difficulty here apparently grows out of a misconception or inadvertence in relation to the order of July 2, 1885, and the effect of the appeal from it. A copy of that

order was served on the defendant's attorney, July 13, 1885. That order in terms authorized the defendant to escape from its provisions by paying the costs of motion within ten days from the time of such service, and also, within that time, giving the plaintiff's attorney ten days' notice, in writing, of his willingness to submit to an examination before the commissioner, at a time to be fixed by the defendant, within twenty days from the time of the service of such copy. July 20, 1885, the time limited for the payment of such costs and giving such notice of submission was extended, by stipulation, to and including July 27, 1885. The appeal taken July 24, 1885, from the order of July 2, 1885, accompanied by an undertaking as required by sec. 3052, R. S., and ch. 49, Laws of 1883, did not operate as a stay of proceedings upon the order appealed from. The statutes expressly declare that, " when the appeal is from an order, the execution or performance thereof shall not be delayed, except upon compliance with such conditions as the court or the presiding judge thereof shall direct." Sec. 3060, R. S.; ch. 49, Laws of 1883. No such direction was given by the trial court or the presiding judge thereof. On the contrary, the trial judge expressly refused to fix the amount of any undertaking under that section, or stay proceedings on the order. Accordingly the time for paying such costs and giving such notice expired July 27, 1885.

July 28, 1885, a justice of this court granted a temporary stay, which this court subsequently made permanent, pending the appeal. This was, in effect, holding that the trial judge improperly refused to grant such stay. Nevertheless, it was a fact that no stay was granted until July 28, 1885, before which day the defendant's time for paying such costs and giving such notice of a willingness to submit to the terms of the order had expired by limitation. The result was that the defendant had, technically, lost the right of compliance with the conditions of that order before any

stay thereon was granted. That stay was only during the pendency of the appeal, and necessarily terminated upon the filing of the *remittitur*. It in no way enlarged the time for compliance with the conditions of the order. This court, on that appeal, might possibly have imposed conditions upon such affirmance allowing the defendant further time for compliance. But whether it might or not is immaterial here, since it was not requested nor done, and the matter has become *res adjudicata*. These things being so, and the order of July 2, 1885, having in all respects been affirmed by this court (65 Wis. 639), it necessarily follows that upon filing the *remittitur* the order stood the same as though no appeal had ever been taken therefrom. The result is that, immediately upon the record being returned to the trial court, the plaintiff was technically entitled, as a matter of legal right, to judgment as upon default, in pursuance of the mandate of the order. Nor was it necessary to give notice to the defendant of such intended application for judgment, since the order for judgment had been made by the court after notice and hearing of the defendant. Whatever may be the rule elsewhere, under our practice there was no necessity for an additional order giving permission to execute the order which had already been made by the court.

2. Was the plaintiff, upon his complaint, entitled to the judgment which he did enter? The summons and complaint were personally served upon the defendant. The substance of the complaint was sufficiently stated on a former appeal. 58 Wis. 625. It was verified, and alleged a cause of action arising on contract for the recovery of money only, within the meaning of subd. 1, sec. 2891, R. S., as it has frequently been construed by this court. *Schobacher v. Germantown Farmers' Mut. Ins. Co.* 59 Wis. 90–92, and cases there cited. This being so, it was a proper case for entering judgment, as upon default, with the clerk.

Besides, as indicated, there was an unexecuted order for judgment made by the court upon due notice and hearing.

3. Although the damages were unliquidated, yet the plaintiff was clearly entitled to interest on the amount due him from the time of the commencement of the action. Was he precluded from recovering such interest by his omission to pray specifically for the same in his complaint? The relief granted as upon a default cannot exceed that which is demanded in the complaint. Sec. 2886, R. S.; *Zwickey v. Haney*, 63 Wis. 464; *Edleman v. Kidd*, 65 Wis. 25. But the demand for judgment was for the amount due at the commencement of the action. If the plaintiff was entitled to the amount claimed as of that date, then he was entitled to interest thereon, as a matter of law, and hence it was unnecessary to allege the same as a fact. The complaint, therefore, apprised the defendant of the amount of the plaintiff's claim, and thereby secured the purposes of that section. Had the judgment included interest prior to the commencement of the action, and been entered upon an ordinary default, it would have been error. But this is different, since the interest included in the judgment accrued after the commencement of the action. This seems to be permissible. *Haven v. Baldwin*, 5 Iowa, 505. Besides, although the judgment is entered "as upon default," still it can hardly be regarded as a case without an answer, within the meaning of sec. 2886; for that contemplates a right of reliance, on the part of the defendant, that judgment will not be taken for an amount exceeding that which is demanded in the complaint. Here there certainly was no misplaced confidence in that regard. Manifestly, there should be no reversal in a case like this, where the judgment does not exceed the amount to which the plaintiff is legally entitled upon the facts stated in the complaint, as no substantial right of the defendant is thereby affected. Sec. 2829, R. S. See, also, *Hodge v. Sawyer*, 34 Wis. 397.

4. The judgment having been regularly entered, the defendant could only have it opened as a matter of favor, and upon a proper application. Here the application was granted upon the conditions named in the statement of facts, the substantial portions of which were that the defendant should pay $10 each for three motions, including the one mentioned in the order of July 2, 1885, and submit to an examination as therein provided, and other things, some of which were at the request of the defendant It is to be remembered that the statutes make the granting of such motion a matter of discretion with the trial court, and upon such terms as may be just. Sec. 2832, R. S. This court has frequently held that it will not interfere in such case unless there has been a manifest abuse of discretion. *Smith v. Smith,* 51 Wis. 668; *Ray v. Northrup,* 55 Wis. 396; *Union Nat. Bank v. Benjamin,* 61 Wis. 514; *Jefferson Co. Bank v. Robbins,* 67 Wis. 68. Here we discover no such abuse in making the order of June 17, 1886. On the contrary, we think the terms imposed were reasonable.

5. An appeal will not lie from an order made by a judge at chambers. *Hubbell v. McCourt,* 44 Wis. 584; *Bunn v. Valley L. Co.* 63 Wis. 630. The order of June 23, 1886, was such an order, and no action of the court was taken thereon, and consequently it was not appealable.

*By the Court.*— The judgment of the circuit court is affirmed. That portion of the order of the circuit court made June 17, 1886, appealed from, is affirmed. The appeal from the order made by the judge at chambers June 23, 1886, is dismissed. The cause is remanded for further proceedings according to law.

Upon a motion for a rehearing it was contended, on behalf of the appellant: 1. No judgment in the action could be rendered upon the conditional order, except on motion to the court showing that the condition had not been complied

with. *Sawyer v. Farmers' & M. Bank,* 7 Wis. 386. 2. Notice of the assessment of damages was necessary. *Douville v. Merrick,* 25 Wis. 688. The decision of this court upon the appeal from the order was in fact a new trial and decision of the question involved upon the appeal, and its judgment or decision was a new order or decision to take effect from the time of its being remitted to the court below. Therefore the defendant had the full time granted by that order, the same as if no appeal had been taken and this was the first order made in the premises. *Butler v. Mitchell,* 15 Wis. 360; *State v. Hæflinger,* 33 id. 594.

The following opinion was filed February 1, 1887:

CASSODAY, J. A careful reading of the briefs on motion for a rehearing fails to disclose any substantial reason for opening any of the questions determined in the opinion filed. In considering the effect in this court of the affirmance of a prior order on a former appeal, the writer there said on his own responsibility, and without any authority from the court, that "this court, on that appeal, might possibly have imposed conditions upon such affirmance allowing the defendant further time for compliance. But whether it might or not is immaterial here, since it was not requested nor done, and the matter has become *res adjudicata.* These things being so, and the order of July 2, 1885, having in all respects been affirmed by this court, it necessarily follows that upon filing the *remittitur* the order stood the same as though no appeal had ever been taken therefrom." The order of June 17, 1886, here appealed from, was "upon the condition that the defendant should, on or before June 22, 1886, pay to the plaintiff's attorney," in the aggregate, $30 costs, and also "upon the further condition that the defendant appear and attend before said commissioner at his office in Eau Claire, June 28, 1886, at 9 A. M., and from day to day thereafter as he might be lawfully re-

quired until his examination should be completed, and then and there be examined," etc. The appeal from that order was not taken until June 25, 1886, which was three days after the time expired for the payment of such costs. We are now asked to give to the defendant the right to comply with its conditions, notwithstanding the time for such compliance had in part expired prior to such appeal. A similar question may arise whenever an appeal is not taken from an order overruling or sustaining a demurrer until after the time allowed therein for answering or amending has expired. Can this court grant such relief, upon an affirmance of such order? It was said by the late chief justice that "there is neither statute to authorize nor practice to sanction a discretion for a new trial upon affirmance. Such a discretion would virtually convert affirmance into reversal." *Stevens v. Sup'rs Clark Co.* 43 Wis. 41.

The real objection to this court granting such relief is the fact that in such matters it exercises "an appellate jurisdiction only." Sec. 2405, R. S. The statute prescribes that the court may, on motion and good cause shown, in its discretion, and upon such terms as may be just, allow any such proceeding to be taken in an action after the time limited by any order of the court *has expired.* Sec. 2831; *Morgan v. Bishop,* 61 Wis. 410; *Sup'rs Milwaukee Co. v. Pabst,* 64 Wis. 247. Application, in a case like this, under that section, must necessarily, in the first instance, be to the court of original jurisdiction, and not to the court which can "exercise an appellate jurisdiction only." As yet no such application has been made to the trial court. The mere fact that an order has been affirmed does not seem to have the effect of taking away the original jurisdiction of the trial court, in the exercise of a sound discretion, in a proper case, and upon good cause shown, and upon such terms as may be just, to allow a party to comply with the conditions of such order, notwithstanding the time for doing so

Fuller & Johnson Mfg. Co. (Limited) vs. Bartlett.

has in part or wholly expired. As stated in the opinion filed, the affirmance of an order leaves it the same as though no appeal had ever been taken therefrom. The right of the trial court to authorize such compliance with its own orders after the time has so expired, in case there has been no appeal, would seem to be undoubted.

Some of the things said above by way of argument have respect to matters not legitimately before us, and may therefore be justly regarded as *obiter* and not binding upon the court; nevertheless, the history and character of this litigation has been such that we deem it for the interest of both parties, and not improper, to say what we have.

_By the Court._— The motion for a rehearing is denied, with $25 costs.