Whereatt vs. Ellis.

WHEREATT, Respondent, vs. ELLIS, Appellant.

*November 7 — November 22, 1887.*

*Vacating judgment by default: Discretion.*

Where judgment for a considerable sum has been taken upon a default which was caused by the defendant following in good faith the advice of his attorney, and a meritorious defense is alleged, the court, upon application duly made, should grant a trial or hearing upon the merits, upon such terms and conditions as to do no injustice to the plaintiff; and a refusal to grant such hearing is an abuse of discretion.

APPEAL from the Circuit Court for *Trempealeau* County. The following statement of the case was prepared by Mr. Justice CASSODAY:

This cause was commenced in 1883. This is the fourth appearance of this case in this court. The nature of the

three several causes of action alleged in the complaint will be found in 58 Wis. 625. In March, 1884, the defendant by his verified answer denied each and every allegation contained in each and every of said causes of action, except as expressly admitted therein; and in answering the first cause of action alleged, in effect, that the legal title to the farms mentioned in that cause of action had been taken in the name of one James W. Taylor, a lawyer of Newburgh, N. Y., and this defendant jointly, on foreclosure sales of mortgages belonging to clients of said Taylor, with the agreement that this defendant should have no right, title, or interest in any of said farms, nor the rents, issues, and profits thereof, except to hold the same as security for the payment of this defendant's costs, fees, services, charges, and disbursements in and about the same; that this defendant was authorized by said Taylor to employ a man to assist him in the management, care, sale, and rental of said farms; that the plaintiff made application for such employment, and was then fully informed of such agency of this defendant for said Taylor, and of all terms, conditions, and requirements thereof made by said Taylor in respect to the same; that the plaintiff, to induce the defendant to hire him for said Taylor as such assistant, warranted himself to this defendant, as such agent for said Taylor, to be especially qualified, experienced, competent, careful, and reliable in the care and management of farms; that in consideration thereof, and that the plaintiff would for and on behalf of said Taylor, in a skilful, diligent, faithful, and proper manner, under the defendant's direction, care for and manage all said farms, and keep them in good condition, repair, and improvement, find and secure tenants and purchasers therefor, and do whatever was proper or required of him in relation to the same for the period of one year, or until the crops of 1881 should be marketed, it was agreed that he, the said Taylor, should account for and pay over to the plaintiff, as his full

compensation therefor, one tenth of the proceeds of said several farms as measured by the share in fact received by said Taylor, less the expenses incident to his share; and for finding purchasers, five per cent. commission on the price of any farm sold, on the receipt thereof; that such was the only agreement in which the plaintiff was to have one tenth of the crops; that the plaintiff rendered his account for services in June, 1882, and the defendant as such agent fully paid him therefor; that the plaintiff continued such employment under the same agreement, except, in lieu of said one-tenth share, the plaintiff was to receive a reasonable compensation, until June, 1882, when the defendant, by order of Taylor, discharged the plaintiff; that, while under said agreement for reasonable compensation, the plaintiff performed his services negligently, carelessly, and unfaithfully, to said Taylor's great damage and injury, to such an extent as to render such service wholly worthless and of no value to said Taylor; that the plaintiff was not especially qualified, experienced, competent, diligent, careful, and reliable as so warranted; that the leases for said several farms were only executed in the name of the defendant for convenience; that the defendant had no interest or ownership in the rents and profits thereof; that the same belonged to said Taylor in trust as aforesaid. In answering the second and third causes of action, it was alleged that the services mentioned were wholly performed by the plaintiff under the agreement aforesaid, and prior to June, 1882, and were settled for and paid to the plaintiff in June, 1882.

The answer also contained a counterclaim, wherein it was alleged that the plaintiff was indebted to the defendant, as more particularly stated in an account thereto annexed as a part thereof, in the sum of $494.67, with interest from July 1, 1882, for which judgment was demanded. The plaintiff, replying, denied each and every allegation of the counterclaim.

The defendant having refused to appear before a circuit court commissioner, and give his deposition "otherwise than as a witness on the trial," as required, the court, on July 2, 1885, made the order set forth in 65 Wis. 640, 641, whereby said answer was stricken out, and judgment ordered in favor of the plaintiff and against the defendant in said action, unless the defendant should give such deposition and comply with the other terms of said order within twenty days from the service of a copy thereof. Such service was made July 13, 1885; and July 24, 1885, the defendant appealed to this court from that order; and the same was affirmed April 6, 1886.   65 Wis. 639.   The *remittitur* thereon was filed June 8, 1886.   June 11, 1886, and without notice, judgment was entered, as upon default, in favor of the plaintiff and against the defendant, for $2,938.10.

June 12, 1886, the defendant gave notice of a willingness to comply with the conditions of the order of July 2, 1885, and designated June 22, 1886, as the time for so doing, which offer the plaintiff refused.   Upon application of the defendant, the court, June 17, 1886, ordered, in effect, that the said answer be allowed to stand as the defendant's answer therein, and the cause stand for trial, upon condition that the defendant pay the costs therein mentioned and give such deposition before said court commissioner at a time and place designated therein, and that said judgment stand as security, and, upon failure to comply with such conditions, that it stand as the final judgment in the cause. June 25, 1886, the defendant appealed to this court from said judgment, and also from said order of June 17, 1886, both of which were affirmed February 1, 1887, as will more fully appear from the report of the case in 68 Wis. 61. The *remittitur* on that appeal was filed March 3, 1887. Thereupon, and on March 5, 1887, upon the affidavits of the defendant and his attorney, and the records and papers on file therein, the plaintiff was ordered to show cause, in

effect, why, on such terms and conditions as to the court might seem just, reasonable, and proper, the defendant's default in complying with said order of June 17, 1886, should not be set aside and vacated, and the said answer be allowed to stand, and a trial had thereon upon payment of costs, giving such deposition, and complying with all conditions which had been or should be imposed. The said affidavit of the defendant contained in effect, among other things, an affidavit of merits, that said appeals had been taken in good faith, under the advice of counsel, and upon the honest belief that said order imposed unlawful and unjust conditions; that said judgment was erroneous and voidable; that it was entered by the clerk in vacation and without notice; that it was for $542.95 in excess of the relief demanded in the complaint; that the bond required was burdensome; .that the appeal was not taken for delay; that the only reason or grounds for such default was that the advice of his attorneys was erroneous, as evinced by the decision of this court; that by the affirmance of the order of June 17, 1886, the defendant was left absolutely without relief, or the right to his day in court, or the defense of the action; that he relied upon the advice of his counsel in taking said appeals; that he was ready and willing to comply with the conditions of the order of June 17, 1886, and give such deposition, and to do and perform any other reasonable condition which the court might impose for the opening of such default and the privilege of maintaining such defense; that the plaintiff was very limited in his means and property, and that unless the defendant be so allowed to defend he would be without remedy as to the counterclaim as well as the judgment. The affidavit of said attorney stated, in effect, among other things, that he had advised the defendant as above stated; that he had paid to the plaintiff's attorney $84.75 costs in this court on said last appeal within twenty-four hours after the filing of

the *remittitur* thereon, and, at the request of the defendant and in his behalf, offered to comply with all the conditions of said order of June 17, 1886, and give said deposition; all of which was refused by the plaintiff's attorney, who declined to afford the defendant any adequate and reasonable relief from such default. Upon the hearing of that application, and on March 24, 1887, it was ordered by the court that said motion be, and the same thereby was, overruled and denied. From said last-named order the defendant appeals.

For the appellant there was a brief by *Alexander Meggett*, attorney, and *W. F. Bailey*, of counsel, and oral argument by *Mr. Bailey*.

*Levi M. Vilas*, for the respondent.

CASSODAY, J. This is the sixth appeal to this court in this cause. No trial or hearing upon the merits has ever been had, notwithstanding an answer upon the merits to each of the several causes of action was served nearly three years ago. The wisdom of meeting all questions having merits, upon the merits, at the first opportunity, is here both illustrated and demonstrated. But we are not prepared to say that these several appeals were the result of mere perversity. The first appeal from the order on the demurrer was before the answer, and not here involved. No such perversity can be fairly claimed as to the appeal from the order of July 2, 1885, as the question involved went to the jurisdiction of the commissioner and was decided by a divided court. No bad faith can be imputed by reason of the appeal from the judgment, as it raised questions which were fairly debatable. The only ground left for imputing bad faith is the appeal from the order of June 17, 1886, and the order of the judge at chambers made June 23, 1886; and which last appeal was dismissed. 68 Wis. 61. Those orders were made after the defendant's

answer had been stricken out and judgment entered, without notice, as upon default. As indicated in the opinion last cited, the entry of such judgment in that way was manifestly a surprise to the defendant. As there said, it "apparently grew out of a misconception or inadvertence in relation to the order of July 2, 1885, and the effect of the appeal from it." The defendant seemed to have acted on the theory that the stay of proceedings granted by a justice of this court, and then continued by the court, related back to the time of taking the appeal, and hence prevented any default of the defendant. But, as there shown, the time for paying the costs and giving the requisite notice expired July 27, 1886, and the stay was not granted until July 28, 1886, and then only operated from that day and pending the appeal. It is easy to perceive how an attorney might be misled under such circumstances. Among the conditions of the order of June 17, 1886, was the one that the judgment should stand as security for the payment of any judgment the plaintiff might recover. This being so, an appeal from the judgment in good faith would seem to indicate the necessity of appealing also from the order; whereas, not to appeal from either would have left the defendant in a position where, if beaten upon the merits, he would have been obliged to pay a judgment which, if we are to believe his affidavit, he conceived to be not only excessive, but unjust. Moreover, as the continuance of the judgment was among the conditions of the order, the mere giving of the deposition and payment of costs, after the appeal from the judgment, would not have been a full compliance with the order; besides, there had been an offer to give the deposition.

Upon the facts stated, can we say that the defendant has forfeited all right to any trial or hearing upon the merits? The application here refused was addressed to the sound discretion of the trial court. Sec. 2832, R. S. In *Union*

*Nat. Bank v. Benjamin*, 61 Wis. 514, it was said that terms may " be imposed which, as near as may be, will place the plaintiff in as favorable a position as he would have been in had the relief been denied. But the order of the court places the plaintiff in a better position, for it gives it absolute security for any judgment it may recover in the action;" and hence it was held to be an abuse of discretion. In *Morgan v. Bishop*, 61 Wis. 410, the order was reversed on the ground that there had been an abuse of discretion, because the defendant was allowed, after the cause had been at issue for some time and the plaintiff had subpœnaed his witnesses and was ready for trial, to amend his answer by pleading for the first time the statute of limitations, *without imposing any terms* except the mere costs of the motion. It is there said: "What will be in the 'furtherance of justice,' and what 'terms' are to be regarded as 'just,' must depend upon the facts of each particular case." Then, after citing several cases illustrative of the rule, it is further said on page 411: "Such being the established rules of law, the obvious duty of a trial court, sitting as a court of conscience, in the exercise of a sound discretion upon such application, *is to do or secure substantial justice to the parties under all the circumstances;*" among which were there enumerated, " the state of the litigation, the amount of costs that have been incurred, whether the allowance of such amendment would work a continuance, and any other fact going to the equity of such allowance."

Here, the answer stricken out, and sought to be made available as a defense, did not set up the statute of limitations, nor usury, nor any unconscionable defense, but defenses which, if true, were each and all meritorious and such as to entirely defeat each of the causes of action alleged in the complaint, to say nothing of the counterclaim. The defendant may never be able to prove the defenses alleged, but for the purposes of this application they must each be

taken as true.   So taken, and the case presented is a judgment of about $3,000 against the defendant as upon a default, when he had a good defense upon the merits to each and all the several causes of action alleged in the complaint, but which he had been precluded from proving in the manner indicated, and which he never can make available.   In other words, upon the case thus stated, the defendant is held liable for the payment of $3,000, without any meritorious cause of action against him; as the price of his temerity in appealing from an order of the trial court under the advice of counsel, instead of submitting thereto, as we have held he should have done.   Defaults incurred through the ill advice or negligence of counsel are to be relieved against as well as any others.   *Morgan v. Bishop, supra; Hanson v. Michelson,* 19 Wis. 498.   Of course, as urged, the trial court has a discretion in such matters, but " such discretion must be a legal discretion, and where the application is made in time, and presents a case of ' mistake, inadvertence, surprise, or excusable neglect,' accompanied by a verified answer alleging a good defense on the merits, it is a manifest abuse of discretion not to open the judgment upon reasonable terms."   *Cleveland v. Hopkins,* 55 Wis. 390.   The duty of the trial court, sitting as a court of conscience, in such matters, is, as above indicated, " to do or secure substantial justice " between the parties, under all the circumstances.   To do that, where a defendant is in default, having a good and conscionable defense, thus excused and presented, is to give him a trial or hearing upon the merits, upon such terms and conditions as to do no injustice to the opposite party.   The trial court acted upon that theory in making the order of June 17, 1886.   That order should have been complied with.   The failure to comply with it operated as a delay from June to the March following.   A new order, the same in substance, with new dates for the time of the payment and the examination therein

mentioned, and in addition requiring the defendant to pay to the plaintiff or his attorney such sum as may be fixed by the trial court, not exceeding $50, should now be entered.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded with direction to enter an order in substance and effect as indicated.