SMITH, Respondent, vs. GROVER, Appellant.

| 74 | 171 |
|----|-----|
| 75 | 430 |

| 74 | 171 |
|-----|-----|
| 103 | 101 |

*March 16 — April 25, 1889.*

*(1) New trial: Discretion: Misdirection to jury: Newly discovered evidence. (2) Extending time fixed by rule for taking proceeding.*

1. In an action by an attorney to recover for his services in certain suits the defendant alleged that he had never employed the plaintiff or authorized his employment, that his attorney in such suits was one L. whom he had fully paid, and that whatever services the plaintiff rendered were at the instance of L. A verdict for the defendant was set aside on the grounds of a misdirection to the jury and newly discovered evidence. The misdirection consisted in charging that if the plaintiff *looked* to L. for payment then he could not recover, instead of charging that if he *agreed to look* to L., etc. The new evidence consisted in the testimony of a witness who heard the defendant authorize L. to employ the plaintiff. On the trial the only evidence tending directly to prove such authority had been that of L. himself. *Held*, that there was no abuse of discretion in granting the new trial.

2. The circuit court rules having been made in pursuance of the statute, the time limited thereby within which any proceeding must be taken may be extended, after it has expired, under sec. 2831, R. S.

APPEAL from the Superior Court of *Milwaukee* County.
The following statement of the case was prepared by Mr.
Justice CASSODAY:

This action was commenced July 23, 1887, to recover
$500 for the professional services of the plaintiff as an at-
torney at law for the defendant, upon his retainer and at
his request, in certain suits and matters mentioned. The
answer, in addition to a general denial, in effect alleged
that his attorney in said suits and matters was one E. C.
Lewis; that the defendant never employed or authorized
any one to employ the plaintiff, but, on the contrary, ex-
pressly refused to do so; that whatever services the plaint-
iff rendered in said suits and matters were so rendered at
the instance and request of said Lewis; that before the com-
mencement of this action the defendant settled with and
fully paid the bill of said Lewis, including $150 services
rendered by the plaintiff.

At the close of the trial, June 15, 1888, the jury returned
a verdict in favor of the defendant. At the same term,
and on June 30, 1888, the plaintiff, upon his own affidavit
and that of K. C. Lewis, and upon the pleadings, records,
files, and all proceedings therein, moved the court to set
aside the verdict, as being contrary to the law and evi-
dence in the case, and to grant a new trial on the grounds
of error in instructions given and refused, and for newly
discovered evidence. July 5, 1888, the court made, entered,
and filed an order therein, setting aside the verdict and
granting a new trial upon paying to the defendant the
taxable costs upon such trial. July 16, 1888, such costs
were taxed at $50.45, and due notice thereof given to the
plaintiff. July 20, 1888, the defendant served notice of
such order upon the plaintiff. August 24, 1888, the plaint-
iff obtained an order for the defendant to show cause why
said order should not be so modified as to allow said costs

Smith vs. Grover.

to abide the event of the suit, and for general relief. Upon the hearing of that motion, September 1, 1888, the same was, by order entered, denied with $10 costs of motion, and the same was on the same day served on the plaintiff.

September 10, 1888, the defendant, upon an affidavit and the records, files, and proceedings, obtained an order for the plaintiff to show cause why judgment should not be entered on the verdict in favor of the defendant. September 12, 1888, the plaintiff, upon an affidavit, the records, etc., obtained an order for the defendant to show cause why the plaintiff's time for paying such taxed costs should not be enlarged and extended to November 1, 1888, and it was therein further ordered that so much of said order to show cause of September 10, 1888, as stayed proceedings upon the part of the plaintiff, be set aside and vacated. Upon the hearing of said motions, September 15, 1888, it was made to appear that after the service of such motion papers, and on September 10, 1888, the plaintiff offered to pay said taxed costs to the defendant's attorney, which he refused to receive, but made no offer to pay the $10. September 29, 1888, it was ordered that the time for the payment of such taxed costs be extended ten days from said last-mentioned date, and in default thereof judgment be entered for the defendant; and it was therein further ordered that on the receipt of said costs by the defendant he might at his pleasure place the cause on the calendar for trial at the then present term of the court; and it was further ordered that the motion for judgment on the part of the defendant be, and the same was thereby, overruled. Thereupon the defendant appealed from said order of September 29, 1888, and said order of July 5, 1888, respectively.

The cause was submitted for the appellant on the brief of *H. W. Sawyer*, and for the respondent on that of *Geo. P. Miller*.

CASSODAY, J. The setting aside of a verdict and the granting of a new trial is very much in the discretion of the trial court. This being so, the action of such court in such matters will not generally be disturbed unless it appears affirmatively that there has been an abuse of such discretion. This is so whether such action is based upon newly discovered evidence, misdirection to the jury, misconduct of the jury, or any supposed injustice. *Smith v. Champagne*, 72 Wis. 480, and cases there cited. The only exception to this rule is when it affirmatively appears upon the record that such action of the court is based upon a misapprehension of the law. When that so appears, then the error becomes one of law, thus obviating the necessity of determining whether there has been any such abuse of discretion. *Mullen v. Reinig*, 68 Wis. 410, and cases there cited.

Here the trial court set aside the verdict and granted a new trial on the grounds of misdirection to the jury and newly discovered evidence. The misdirection referred to seems to have consisted in charging the jury, in one part of the charge, in effect, that if the plaintiff, under certain circumstances stated, "*looked* to Mr. Lewis for payment of his services, or to see that he was paid therefor," then he could not recover, whereas the instruction, it is claimed, should have been, in effect, that if the plaintiff, under the circumstances stated, "*agreed* that he would look to Mr. Lewis for payment for his services," then he could not recover. The difference consisted in exonerating the defendant in the one case from liability merely because the plaintiff "looked to Lewis" for his pay, and in the other because he "agreed" so to look. We are not prepared to say that the jury were not thereby misled, as presumed by the trial court.

Nor are we prepared to hold that the newly discovered

Smith vs. Grover.

evidence was merely cumulative, in the sense that would make it an abuse of discretion to set aside the verdict and grant a new trial upon that ground. The plaintiff's right to recover depended very much upon the authority of Mr. Lewis to employ him. The only testimony tending directly to prove such authority was that of Mr. Lewis. The newly discovered evidence consists of another witness, who swears that he was present and heard the defendant give Mr. Lewis such authority. This court has held that where the newly discovered evidence tends to prove a distinct fact not testified to at the trial, although other evidence may have been introduced by the moving party tending to support the same ground of claim or defense to which such fact is pertinent, it is an abuse of discretion not to set aside the verdict and grant a new trial upon that ground. *Wilson v. Plank*, 41 Wis. 94; *Finch v. Phillips*, 41 Wis. 387. Certainly where, as here, the verdict is set aside and a new trial granted, the newly discovered evidence may be much less distinct and independent without any abuse of such discretion. In view of the evidence being so evenly balanced on the question of such authority, the inconsistent statements in the charge, the manifest opinion of the trial judge that the jury had been misled and that injustice had been done, and the broad discretion possessed by the trial courts in such matters, we must hold that there was no abuse of discretion in setting aside the verdict and granting a new trial.

We have no doubt of the power of the court in its discretion, upon a proper showing made, to extend the time for the payment of the costs mentioned in the order of July 5, 1888. The statute expressly gives such power, even " after the time limited by or in pursuance of the statute, or by any order of court, has expired." Sec. 2831, R. S. This court has frequently sanctioned its exercise. *Whereatt v. Ellis*, 68 Wis. 72, 70 Wis. 207; *Sutton v. Wegner*, 72 Wis.

298. Here the showing made was, in our judgment, sufficient to authorize the making of the order of September 29, 1888. Counsel urge that the time here sought to be enlarged was fixed by a rule of court (Circuit Court Rule XII), and not by statute or order of court, and hence did not come within the section cited. But the circuit court rules were authorized by and made " in pursuance of the statute." Sec. 2413, R. S. Hence the time so limited was by virtue of the rule made in pursuance of the statute and by the order of the court. As indicated in one of the cases cited above, it is the duty of the trial court, sitting as a court of conscience in such matters, to do or secure substantial justice between the parties, under all the circumstances. *Whereatt v. Ellis*, 70 Wis. 215. To do that, where a party is in default, having a good and conscionable cause of action or defense, thus excused and presented, is to give him a trial or hearing upon the merits, upon such terms and conditions as to do no injustice to the opposite party. *Ibid.* To our minds this is just what the trial court here sought to do. It follows from what has been said that the defendant's motion for judgment was properly denied.

*By the Court.*— The respective orders of the superior court of Milwaukee county are affirmed.