## GORDON v. GORDON.

Where, on a motion to set aside a default judgment, no reasonable excuse was given for failure to answer, and the affidavit showed wanton negligence on the part of defendant in failing to answer, the court would not consider the merits of the case.

Plaintiff instituted an action by personal service of a money demand summons and sworn complaint, in which notice was given of the amount demanded. On the failure of defendant to answer, plaintiff complied with the statute providing that, in an action on contract for

money only, plaintiff may file proof of personal service of summons and complaint, and that no answer has been received. **Held,** that a default judgment was properly entered, though the complaint was verified by counsel.

Where, in an action commenced by personal service of a money demand summons and sworn complaint, in which notice was given of the amount demanded according to a contract binding a husband, defendant, to pay a specified sum to his wife, plaintiff, on their final separation, as her share of the husband's property, defendant did not answer, the contract, on being introduced in evidence, proved the amount recoverable for which judgment by default might be entered.

(Opinion filed, November 1, 1905.)

Appeal from Circuit Court, Stanley County. Hon. LORING E. GAFFY, Judge.

Action by Cora E. Gordon against George A. Gordon. From an order denying a motion to vacate a default judgment, defendant appeals. Affirmed.

*M. G. Simon* and *John A. Holmes,* for appellant. *J. H. Johnson,* for respondent.

FULLER, P. J. On the 23d day of February, 1903, plaintiff and defendant, having previously intermarried, agreed in writing to an immediate and final separation, which was thereupon consummated and the terms of the contract relating to property interests and separate maintenance are as follows: "The said Cora E. Gordon hereby agrees to and with the said George A. Gordon to take as her share of all property now owned by said George A. Gordon or that may hereafter be owned by him the sum of seven hundred dollars, to be paid as follows, to-wit: Two hundred dollars in hand paid at and before the delivery of these presents and twenty-five dollars on the 23d day of March, 1903, and twenty-five dollars on the 23d of each and every month thereafter until the balance of said seven hundred dollars shall have been paid. Witness our hands this 23d day of February, 1903, at Ft. Pierre, South Dakota. George A. Gordon. Cora E. Gordon." Defendant having defaulted in all payments due subsequently to May 23, 1903, plaintiff instituted this action on the 27th day of July, 1904, by the personal service of the usual money demand summons and sworn complaint, in which notice was given of the exact amount demanded and payable according to the terms of the contract, and, in strict conformity with

statutory practice, judgment in default of an answer was entered for such amount on the 29th day of August following.

The proposed answer submitted to the court, with a motion to set aside this judgment thus regularly entered by default, consists mainly of conclusions of law and the allegation that the foregoing contract was without any consideration, but in view of the fact that no reasonable excuse was given for the failure to answer, and the purported affidavit of merit shows wanton negligence on the part of the defendant in that particular, the merits of the case require no further consideration. The statutory method of obtaining judgment where the defendant has failed to answer a sworn complaint in an action of this character and under the circumstances disclosed by the record before us is as follows: "In an action arising on contract for the recovery of money only, the plaintiff may file with the clerk proof of personal service of the summons and complaint, on one or more of the defendants, * * * and that no answer has been received. The court shall thereupon enter judgment for the amount mentioned in the summons, against the defendant. * * *" With this practice plaintiff strictly complied, and there is no merit in the contention that the complaint was insufficient to justify the entry of the judgment on account of the fact that it was not verified by her, but by her attorney in the manner provided by law. The contract, the execution of which defendant both admits and denies, was for the recovery of money only, and being introduced in evidence was sufficient proof of the amount recoverable and for which judgment was entered.

Finding no error in the record, the judgment appealed from and the order overruling the motion to vacate the same are affirmed.