THOMAS-HALVORSON LUMBER COMPANY v. J. A. McRELL.[1]

January 8, 1926.

No. 25,055.

**Entry of judgment by clerk upon default proper in this case.**
   An action for goods sold and delivered, alleged to be of a stated reasonable value and stipulated and agreed price, is on contract for the recovery of money only within the statute authorizing the entry of judgment by the clerk on default; and proof of a cause of action, or ascertainment of damages, is not necessary.

   Judgments, 34 C. J. p. 185 n. 68.

Judgment was entered by default in the district court for Watonwan county in an action to recover the balance due for goods sold and delivered. Later plaintiff garnished the garnishee bank. From

[1]Reported in 206 N. W. 951.

the order, Comstock, J., granting defendant's motion to set aside the judgment and the proceeding in garnishment, plaintiff appealed. Reversed.

*Albert Running*, for appellant.

*Regal & Grogan*, for respondent.

DIBELL, J.

The plaintiff appeals from an order vacating a judgment in its favor and discharging proceedings in garnishment.

On March 26, 1918, judgment was entered in the district court of Watonwan county by the clerk on default in favor of the plaintiff against the defendant for $80.90. The cause of action was for the balance due for "goods, wares and merchandise of the reasonable worth and value and of the stipulated and agreed price of $483.25," sold and delivered by the plaintiff to the defendant.

On February 10, 1925, garnishee summons was issued against the First National Bank of St. James. On March 4, 1925, the bank disclosed an indebtedness of $82.26 owing the defendant.

On April 13, 1925, the court, on the motion of the defendant, vacated the judgment and discharged the garnishee. The plaintiff appeals.

The basis of the order vacating the judgment was the impropriety of its entry by the clerk on default.

By G. S. 1923, § 9256, it is provided relative to the entry of judgment by the clerk on default:

"1. If the action be upon contract for the payment of money only, the clerk shall enter judgment for the amount stated in the summons.

"2. In other actions for the recovery of money only, the court shall ascertain by a reference or otherwise, the amount to which plaintiff is entitled, and order judgment therefor."

The action was "upon contract for the payment of money only." See Egan v. Sengpiel, 46 Wis. 703, 1 N. W. 467; Whereatt v. Ellis, 68 Wis. 61, 30 N. W. 520, 31 N. W. 762; Bullard v. Sherwood, 85 N. Y. 253; Gordon v. Gordon, 20 S. D. 275, 105 N. W. 244; Heinrich

v. Englund, 34 Minn. 395, 26 N. W. 122; Dun. Dig. § 4995. The judgment was properly entered by the clerk on default. No proof of the cause of action or ascertainment of damages was necessary.

Reversed.