JOSEPH M. DUFOUR, d.b.a. DUFOUR ELECTRIC COMPANY, v. LAWRENCE J. BENSON AND OTHERS.

117 N. W. (2d) 2.

August 10, 1962—No. 38,354.

*Otis H. Godfrey, Sr.,* and *George L. Siegel,* for appellants.
*Clifton Parks,* for respondent.

NELSON, JUSTICE.

Appeal by defendants Lawrence J. Benson and Earl Benson from a default judgment and a prior order in an action commenced in the District Court of Ramsey County by Joseph N. Dufour, d. b. a. Dufour Electric Company, to recover the reasonable value of electrical wiring furnished and installed in a building at 2204 Scudder Avenue, St. Paul.[1] The summons and complaint were served on defendant Earl Benson on August 8, 1958, and on Lawrence Benson on September 4, 1958.

In the complaint plaintiff alleges that the labor and materials furnished for the improvement were of the reasonable value of $714.55. A bill of particulars was made a part of the complaint, as was a mechanics lien statement allegedly filed on July 17, 1957. Both showed a total of $714.55 due plaintiff. According to the mechanics lien statement, the first item contributed to the improvement was furnished February 20, 1957, and the last item April 22, 1957.

Minn. St. 514.12, subd. 3, provides that no lien shall be enforced in any case unless the holder thereof shall assert the same either by complaint or answer within one year after the date of the last item of his claim as set forth in the recorded lien statement. Since no lien could be claimed when the action was begun, it is clear that plaintiff had no intention of proceeding with a foreclosure of the lien and in fact brought the suit to recover the reasonable value of the materials and labor.

Since defendants failed to answer plaintiff's complaint in due time, plaintiff on December 18, 1958, proceeded to enter a default judg-

---

[1]On entry of default judgment for the reasonable value of goods sold and delivered, see Thomas-Halvorson Lbr. Co. v. McRell, 165 Minn. 460, 206 N. W. 951; Marthaler Machine & Engineering Co. v. Myers, 173 Minn. 606, 218 N. W. 127.

ment pursuant to Rules of Civil Procedure, Rule 55.01. Rule 55.01 provides in part:

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend within the time allowed therefor by these rules or by statute, and that fact is made to appear by affidavit, judgment by default shall be entered against him as follows:

"(1) When the plaintiff's claim against a defendant is upon a contract for the payment of money only, * * * the clerk, upon request of the plaintiff and upon affidavit of the amount due, which may not exceed the amount demanded in the complaint, shall enter judgment for the amount due and costs against the defendant."

Plaintiff fully complied with this rule.

After entry of judgment plaintiff delivered an execution to the sheriff, who returned it unsatisfied on February 4, 1959. On February 6 defendants secured an order restraining plaintiff from collection of the judgment and requiring him to show cause why it should not be set aside and defendants be permitted to defend. On February 19, 1959, after a hearing, the trial court directed the attorney for the defendants to prepare an order continuing the temporary restraining order and requiring the matter to be set for trial immediately upon the condition that defendants pay forthwith $50 attorney's fees and furnish a bond of $750. No order was entered, and not until October 21, 1959, were the attorney's fees paid. The bond was not furnished until still later. In January 1960, plaintiff obtained an order requiring defendants to show cause why the restraining order entered February 6, 1959, should not be set aside and plaintiff be permitted to proceed with the collection of the judgment previously entered.

After a hearing on this order, on January 20, 1960, the trial court ordered that the judgment be vacated; that the $750 deposited in escrow remain pending the trial of the action and be applied toward the judgment, if any, which plaintiff might recover; and that defendants have 11 days from the date of the order to serve and file their answer or other pleadings or in the alternative defendants might permit their proposed answer, already filed, to stand. The court further ordered

that a note of issue be filed forthwith and the case advanced on the calendar to be heard February 8, 1960, or as soon thereafter as it might be reached, and that plaintiff be allowed additional attorney's fees of $25 for bringing on the motion resulting in this order.

Defendants did not file an answer within the 11-day period and in fact did not do so until May 25, 1960. They have not paid the additional $25 attorney's fees and have neglected entirely to proceed to trial. On October 28, 1960, after hearing on a motion by plaintiff, the court ordered that plaintiff be authorized to enter judgment as by default against defendants and that the cash bond furnished by defendants as a basis for the orders of February 6, 1959, and January 20, 1960, might be applied upon such judgment. Pursuant to this order, judgment was entered on November 8, 1960, for $878.10 which included $15.85 costs. Defendants appeal from this judgment and from the order entered October 28, 1960.

No errors have been assigned and it is therefore difficult to understand on what grounds defendants contend there should be a reversal. Clearly their counsel have not followed accepted procedures since Supreme Court Rule VIII(3)(e) (222 Minn. xxxiv) provides:

"Errors assigned shall be separately and concisely stated and numbered, without repetition, and where a finding of fact is attacked as not sustained by the evidence, it shall be particularly specified."

An affirmance might well be entered herein for want of assignment of errors as required by this rule. Duncan v. Kohler, 37 Minn. 379, 34 N. W. 594.

So far as the judgment appealed from is concerned, it is not for this court to inquire whether the findings of fact are justified by the evidence but only whether they support the conclusions of law and the judgment. Insofar as errors of fact are concerned, no question is presented on this appeal. The court had jurisdiction; the findings of fact stand in effect unchallenged; and the conclusions of law sustain the judgment entered.

This court said in Kuhlmann v. Educational Publishers, Inc. 245 Minn. 171, 175, 71 N. W. (2d) 889, 893:

"While ordinarily this court will refuse to consider errors that are not assigned we have considered defendant's arguments in the instant case to the extent that plaintiff has voluntarily replied to them."

Plaintiff here in the shortest of briefs states that defendants failed, as the record discloses, to comply with the orders of the court within the time provided to entitle them to relief and failed to pay the last fee of $25 ordered by the court. He argues that defendants may assert that they are entitled to their day in court but if they fail to abide by the orders permitting it they cannot now complain.

In Swanstrom v. Marvin, 38 Minn. 359, 37 N. W. 455, it was held that upon an application to vacate a judgment based upon an affidavit the essential points of which are met and contradicted, it is not an abuse of discretion for the court to refuse the relief asked, and that the second application for such relief founded upon facts which were known, or should have been known, to the party when he made the first application should not be considered by the court.

In Weller v. Hammer, 43 Minn. 195, 45 N. W. 427, this court held that an order denying a motion for leave to answer after default will not be reviewed on appeal, except for abuse of discretion, and that where no new facts have arisen a motion cannot be renewed without leave, nor successive motions made for relief which might properly be included in the first motion. Defendants had the period from February 6, 1959, to November 8, 1960, to obtain relief from their default by compliance with the court's requirements. In view of their failure to do so, the circumstances upon which they relied in obtaining the order of February 6, 1959, should not again have been given favorable consideration upon plaintiff's motion in October 1960. All grounds, if any had ever existed, for the relief obtained at the hearing on February 6, 1959, and in the order of January 20, 1960, had ceased to exist when plaintiff's motion was heard on October 28, 1960, because of inexcusable delays on the part of defendants. The appeal is lacking in merit and this court has no alternative but to affirm.

Affirmed.

OTIS, JUSTICE (dissenting).

The majority decision affirms an order of the district court vacating an order dated January 20, 1960, for the assigned reason that appellants have failed to comply with the conditions thereof.

The precise terms of the original order are as follows:

"In the within entitled matter it appears that judgment was entered by the Clerk herein, as a default and without proof before the Court, in favor of plaintiff and against Lawrence J. Benson and Earl Benson, defendants, on December 18, 1958, in the amount of $798.35. That on February 6, 1959 the Court issued its Order to show cause and restrained plaintiff from taking any action under said ex parte judgment. That said Defendants have paid to Clifton Parks, attorney for Plaintiff the sum of $50.00 as costs, upon the vacating of said judgment, and further have deposited in escrow the sum of $750.00, as bond or guarantee toward the payment of any sums plaintiff may recover, if any, against said defendants, or either of them.

"IT IS ORDERED, that the judgment entered herein ex parte as a default on December 18, 1958 in amount of $798.35 against said defendants is vacated and set aside, and the Clerk is authorized and directed to vacate and expunge the same, forthwith. That the sum of $750.00 so deposited in escrow shall stand, pending the trial of this action, and be applied toward such judgment, if any, plaintiff may recover against defendants herein; and that any amount remaining over shall be returned forthwith to Defendant Earl Benson.

"That Defendants shall have eleven (11) days from date hereof to interpose, serve and file their answer or answers, setoffs, counterclaim or other pleadings herein, *or may permit their proposed answer as filed herein to stand.* That a note of issue may be filed forthwith, and the case advanced on .the calendar to be heard February 8, 1960, or as soon thereafter as it may be reached on the court calendar. Plaintiff is hereby allowed attorneys fees of $25.00 for bringing on the motion of January 20, 1960.

"/s/ Ronald E. Hachey
Judge of District Court."

(Italics supplied.)

A motion of respondent made on October 6, 1960, and returnable October 21, 1960, before a different judge, prayed in the alternative for an order reinstating the default judgment which was vacated January 20, 1960, or requiring appellants to proceed to trial on their original proposed answer. In his affidavit in support of that motion, respondent's counsel stated the following as his only ground for securing the relief he there sought:

"That the defendants, having failed to interpose their answer or counterclaim within the eleven days allowed by order of the Court dated January 20, 1960, are in default and have failed to comply with the court's order."

and

"* * * defendants have failed to comply with the order of the Court and have not *elected* to stand upon their answer attached to their moving papers in February, 1959." (Italics supplied.)

Counsel made no allusion in the trial court to appellants' failure to pay the additional $25 attorney's fees included in the January 20, 1960, order, nor did he attribute to appellants any responsibility whatever for the fact the case was not heard on the merits at or about the time specified in Judge Hachey's order. Nor does the order from which respondent here appeals make any reference to the $25 attorney's fees or suggest that any blame attaches to appellants for the court's failure to hear the case at the time originally ordered. There is nothing in the order of January 20, 1960, which makes the payment of additional attorney's fees a condition precedent to vacating the original default judgment. Indeed, the order of October 28, 1960, recites no condition of Judge Hachey's order which had not been fully discharged by the time of the hearing on October 21, 1960, save only the provision requiring either that respondents serve and file their answer or counterclaim within 11 days of January 20, 1960, or *"Permit their proposed answer as filed herein to stand."* (Italics supplied.)

The trial court apparently adopted the position of respondent that appellants were required to make a formal election. However, the terms of the order of January 20 simply do not contain such a con-

dition but merely provide that *if* a new answer or counterclaim is *not* interposed within 11 days, the respondents may *permit* their proposed answer as filed to stand.

There is absolutely nothing in the record to support the suggestion of the majority that the payment of the $25 attorney's fees was a prerequisite to vacating the default judgment or that appellants were responsible for the court's failure to hear the case on or about February 8, 1960. I would reverse and remand the matter for trial on the proposed answer originally interposed.