HARRY CALDWELL *vs.* JOHN C. DEPEW.

May 24, 1889.

**Specific Performance—Mistake as to Legal Effect of Instrument.**—In an action for specific performance of a written contract, where there was no fraud, concealment, or misrepresentation on part of the plaintiff, and the terms of the writing were explicit, unambiguous, and not subject to any doubtful or double construction, so that there was no reasonable excuse for misunderstanding them, and the instrument was read over by the defendant, or to him, before he signed it, the mere fact that he did not understand the meaning or legal effect of the language as written constitutes no ground for refusing specific performance.

Action by purchaser for specific performance, brought in the district court for Ramsey county, and tried by *Simons,* J., who ordered judgment for defendant for a cancellation of the contract, from which the plaintiff appeals.

*Lawler & Durment,* for appellant.

*Hawley & Hall,* for respondent.

MITCHELL, J. Action to compel specific performance of a contract of sale of real estate. The terms of the written agreement were that defendant sold and agreed to convey the property "for the sum of seven hundred fifty dollars, upon the following terms: Purchaser to pay the city assessments for grading Minnehaha street, ($205,) such payment to constitute part of the above sum of $750, and also to assume the mortgage of $300 and accrued interest, ($12,) now on record against said lot, as part of said $750; balance of said $750, after deducting said assessments and said mortgage, to be paid in cash, on delivery of deed." The defendant, in his answer, alleges that the actual agreement was that plaintiff was to pay for the property $750 in cash, and, in addition thereto, assume payment of the mortgage and assessments referred to; that plaintiff undertook to reduce this agreement to writing, and drew up a contract which he presented to defendant, stating and representing to him that it contained the precise terms of this agreement, and then pretended to read it and did read it to him as though it embodied such agreement;

that in ignorance of the truth, and misled by the statements of plaintiff, and supposing that plaintiff had correctly reduced the agreement to writing, he executed the contract without reading it. . Then follows a somewhat equivocal allegation to the effect that if plaintiff really believed that defendant intended to sell his property for $750, the incumbrances to be deducted therefrom, he was acting under a mistake of fact, but, if he correctly understood the terms and conditions of said agreement, as defendant believes he did, then he committed a gross fraud. The relief prayed for is that the contract be cancelled and adjudged void on the ground of such fraud or mistake. A question of pleading is raised whether, under the answer, the defendant would be entitled to relief on the ground of mistake in case he failed to establish fraud. As we are of opinion that upon the evidence he is not entitled to relief on either ground, it is unnecessary to consider the question further than to say, for the purposes of another trial, although the pleading is obnoxious to criticism, yet we think that, under it as it stands, the defendant would be entitled to relief on the ground of mistake, if the evidence justified it.

But we are clear that he has made out no case for relief. There is no evidence that plaintiff was guilty of any fraud, concealment, or misrepresentations, or took any unfair advantage of defendant. The defendant is a man of mature years, some business experience, and of at least ordinary intelligence and education. The terms of the writing are explicit, unambiguous, and not subject to any doubtful or double construction. In fact they are so very clear and explicit, that no man with his senses about him could misapprehend them. The defendant was capable of reading the contract, and had ample opportunity of doing so, and of examining it as fully as he desired, before executing it. It is undisputed that he either read it over himself with the plaintiff, or that the plaintiff read it over to him, before he signed it, and, if the latter, there is no evidence that plaintiff did not read it correctly to him. Defendant nowhere testifies that he understood, when he signed it, that it contained any different or other words or language from those that are actually in it. The most that can be claimed for his testimony is that he did not understand the meaning or legal effect of the language as written. No excuse is

shown for any such misunderstanding, and the mistake, if any, must have been due solely to defendant's own gross carelessness and inexcusable inattention. There is nothing unconscionable or hard about the contract, unless it be the inadequacy of the price, and this is not so gross as to be evidence of fraud. Upon the trial plaintiff testified positively that the writing correctly embodied the exact terms of the actual agreement of the parties. The only direct evidence opposed to this was the oath of the defendant. We know of no rule of law that will permit a man to be relieved from his contract under such circumstances. If, on such a state of facts, a person can evade performance by merely saying that he did not know what he was doing, or did not understand the language of the instrument which he executed, written contracts would be of little value.

There are many cases where equity will refuse to enforce the specific performance of an agreement against a party who entered into it under a mistake, although the plaintiff was not guilty of any improper conduct, and the mistake was solely that of defendant. When and under what circumstances such mistakes are relievable it would be impracticable, as well as unsafe, to attempt to enumerate. But one principle will, we think, be found to run through all the cases, viz., it must not be a mistake due solely to the negligence and want of reasonable care on the part of him who asks for relief. Where there has been no fraud or misrepresentation, and the terms of the contract were unambiguous, so that there was no reasonable ground or excuse for a mistake, it is not sufficient, in order to resist specific performance, for a party to say that he did not understand its meaning. Fry, Spec. Perf. § 733; Waterman, Spec. Perf. § 358; Kerr, Fraud & Mistake, 407, 413.

Judgment reversed.