## RICHARD SCHEURER v. GREAT NORTHERN RAILWAY COMPANY.[1]

### January 24, 1919.

### No. 21,075.

**Judgment—amendment of order by judge—construction of two orders.**
  The trial judge prepared and signed an order on June 8 denying a motion

[1] Reported in 170 N. W. 505.

for judgment, but granting a new trial on the ground that the verdict was against the weight of the evidence, and that the damages were excessive and given under the influence of passion and prejudice. On June 14 he made a later order, amending and modifying the earlier order, which had not been filed, and denying a new trial if plaintiff consented to a reduction of the verdict from $5,000 to $3,000, and if plaintiff consented the later order should be treated as a modification of the former order. The new order was attached to the original order and both were then filed with the clerk of court as one order. Plaintiff consented to the reduction of the verdict within the time limited in the order. *Held*: The two orders must be treated as one. The court had the right to modify the original order to the extent of the amendment, notwithstanding its conclusion first reached. [Reporter.]

Action in the district court for Yellow Medicine county to recover $40,000 for injuries received. The answer alleged plaintiff's injuries were due to the dangers and risks incident to riding in a car of immigrant movables which he assumed. The case was tried before Qvale, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $5,000. Defendant's motion for judgment notwithstanding the verdict was denied and its motion for a new trial was granted unless plaintiff consented to a reduction of the verdict in the sum of $2,000. From the order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*M. L. Countryman* and *A. L. Janes*, for appellant.

*Tom Davis* and *Ernest Michel*, for respondent.

PER CURIAM.

Plaintiff shipped over defendant's line of road a carload of household goods and emigrant materials from a point in North Dakota to Benson in this state. He accompanied the shipment and rode in the car to care for and protect his property, as by the contract he was entitled to do. He claims to have received certain injuries to his person from the rough handling of the train, particularly in some switching operations at an intermediate station, and brought this action to recover therefor. He had a verdict in the court below for the sum of $5,000. Defendant moved for judgment or a new trial, the grounds of the motion for a new trial being: (1) Errors in law; (2) that the verdict was not justified by the evidence; and (3) excessive damages appearing to have been given under the influence of passion and prejudice.

After due consideration the trial judge prepared and signed an order denying the motion for judgment, but granting a new trial upon the ground that the verdict was against the weight of the evidence, and that the damages were excessive and given under the influence of passion and prejudice.

The order bears date June 8, 1918, but was not then filed. The court apparently was not satisfied with that disposition of the case and no further consideration was given the matter until June 14, a week later, when a further order was made, amending and modifying the one just mentioned, and for the reasons therein stated directing that a new trial be denied if plaintiff should, within the time therein fixed, remit from the verdict the sum of $2,000; and, if that condition be complied with by plaintiff, that the order should be treated as a modification of the former order. The new order was attached to the original by the trial judge, and both were thereafter filed with the clerk as one order and as the final act of the court in disposing of defendant's motion. Plaintiff consented to the reduction of the verdict within the time stated in the order, and defendant thereafter appealed.

The questions presented do not require extended discussion. The two documents or orders must be treated as one. The court had the right to change its mind and to modify the original order to the extent of the amendment, and the right also to direct a reduction of the verdict as a condition to the denial of a new trial, notwithstanding the conclusion first reached by the court that in fixing the amount of damages the jury was influenced by passion and prejudice. Goss v. Goss, 102 Minn. 346, 113 N. W. 690; Hurley v. City of West St. Paul, 83 Minn. 401, 86 N. W. 427.

We find in the record evidence which, if believed, fully justified the jury in returning a verdict for plaintiff. And though, at the time of the preparation of the first order, the trial court was of the opinion that the weight of the evidence was against the verdict, that conclusion was not final, and by the amended order the court must be deemed to have changed its mind on that feature of the case. It is not important that an untenable or erroneous reason was given for the last or final order. If the conclusion reached by the court was authorized by the record, the decision was not made invalid or erroneous because of the fact that an unsound reason was given therefor. Kipp v. Clinger, 97 Minn. 135, 106 N. W. 108. Since the evidence of plaintiff was sufficient to justify a verdict in his favor, and the court had the right to order a reduction of the verdict on condition of denying a new trial, the final action of the court was within its jurisdiction and authority, and the order is valid though based on faulty reasoning.

This covers the case and all that need be said in disposing of the points made. It would serve no useful purpose to discuss the evidence. It was conflicting both as to the manner plaintiff received his injuries and the character and extent thereof, presenting issues for the jury. There were no errors requiring a new trial.

Order affirmed.