## G. A. BAKER v. PAUL POLYDISKY AND ANOTHER.[1]

October 24, 1919.

No. 21,476.

**Findings of court — judge's memorandum.**
1. A memorandum by the trial judge filed with the findings may be considered for the purpose of throwing light upon the decision.

**Specific performance — doubt as to existence of contract.**
2. Specific performance is not of absolute right, but rests in judicial discretion, to be exercised according to settled principles of equity. It should not be granted if it is doubtful whether the contract sought to be enforced was actually made. There must have been a clear accession on both sides to one and the same set of terms.

**Same — mistake of legal effect of contract.**
3. If a contract was actually concluded, a misunderstanding by either party of its legal effect will not prevent specific performance, provided its terms are the same as they were designed to be, and were those to which the minds of the parties consented as the result of their negotiations.

[1]Reported in 174 N. W. 526.

**Same — denied when one party is mistaken — option to buy land.**

4. If the minds of both parties to a contract meet upon its terms, and those terms are free from ambiguity, in the absence of fraud or misrepresentation, a mistake of one of the parties alone, resting wholly in his own mind, though not ground for rescission, may be good ground for refusing specific performance. Within this principle the trial court was justified in refusing specific performance of an agreement giving to one of the parties an option to buy land.

**Case distinguished.**

5. The facts in this case are different from the facts in Caldwell v. Depew, 40 Minn. 528, and do not charge defendants with negligence, which was the sole cause of their mistake.

**Specific performance in accordance with defendant's intent.**

6. Although specific performance of a contract, according to its terms, be denied because of a mistake of the defendant, the plaintiff should be permitted, at his election, to take performance of the contract as it was intended by defendant.

**Damages unwarranted.**

7. The complaint and findings do not afford a sufficient basis for a judgment for damages.

Action in the district court for Becker county for specific performance of a contract for the purchase of certain land. The answer alleged that plaintiff was informed of the mortgages upon the land at the time of the execution of the contract and agreed to assume them and pay in addition thereto the sum of $2,800. The case was tried before Fish, J., who made findings and ordered judgment in favor of defendants. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Johnston & Carman* and *Powell, Carman & Cain,* for appellant.

*Selover, Schultz & Selover,* for respondents.

LEES, C.

Appeal from a judgment for defendants in a suit for specific performance of an option for the purchase of land.

In March, 1917, defendants executed a written instrument, the material portions of which read as follows:

"For and in consideration of the sum of one dollar * * * I here-

by grant unto C. A. Baker an option for 250 days from the 29th day of March, 1917, to purchase for the sum of twenty-eight hundred dollars ($2,800) the following described lands * * * in the county of Becker and state of Minnesota * * * said C. A. Baker to signify his intention to take or reject the same by due notice in writing within the time above specified. * * * In case said notice shall be served in due time, then 15 days shall be given in which to examine abstract, make deeds and close sale."

This instrument was prepared by plaintiff and mailed to defendants with a check for one dollar and a letter, stating that the option gave plaintiff the right to sell the land, and that he would make a sale for defendants during the summer. An action brought by the United States was then pending, in which it was sought to cancel all conveyances of the land theretofore made. There were two mortgages on the land, one for $600, and the other for $120. In their negotiations with plaintiff, defendants fixed the price of the land at $2,800 and intended that the purchaser should take the title subject to the mortgages. Plaintiff did not learn of them until December, 1917. His understanding of defendants' proposal was that he would get a deed for $2,800 which would convey the land free from incumbrances. Upon receipt of the option defendants ascertained that it did not in terms provide for a conveyance subject to the mortgages, discussed the omission between themselves, and, without securing advice on the subject, concluded that, if a reference to the mortgages had been necessary to express the true intent of the parties, plaintiff, with whom they were well acquainted, would have inserted it in the agreement, and so they signed it, as it was. In May, 1917, the action brought by the United States was dismissed.

On December 3, 1917, plaintiff mailed to defendants a warranty deed running to himself, with a letter stating that upon the execution and deposit of the deed at any bank, payment of $2,800 would be made. Defendants caused to be inserted in the deed a clause, whereby the grant was made subject to the mortgage of $600 and interest, which the grantee was to assume and pay, and then executed the deed and left it with a Minneapolis bank, to be delivered on payment of $2,800. In the meantime an abstract of title to the land had been sent to plaintiff, who discovered therefrom the existence of the mortgages. Thereupon he depos-

ited $2,800 in the Minneapolis bank, to be paid to defendants upon the satisfaction of the mortgages and the execution of a new deed, and, upon defendants' failure to execute such deed, deposited the money in court and brought this action.

Prior to December 3, plaintiff made a contract with a purchaser of the land at a price of $4,160, less the incumbrances. The terms and conditions of the contract were not shown by the evidence. The attempted sale was effected through an agent, to whom plaintiff agreed to pay a commission of five dollars per acre.

The foregoing is a condensed statement of the facts as found by the court, and upon which it was held that plaintiff was not entitled to any relief. No settled case or bill of exceptions was made, hence the sole question before us is whether the conclusions of law are sustained by the findings of fact.

The trial court has found in effect that the minds of the parties never actually met upon one of the material terms of the alleged agreement, one understanding the price to be $2,800 net to him, the other that it was $2,800, less the amount of any incumbrances there might be against the land, and on that ground refused specific performance. But plaintiff contends that defendants were guilty of negligence in signing the option, without adding a clause providing that he should pay the mortgages, and that such negligence has been prejudicial to him in view of his resale of the land. Defendants meet this contention by referring to the letter mailed with the option; to their confidence in plaintiff; to the omission from the option of a specific statement that the incumbrances were to be paid by them, and to the fact that they were not versed in the law, and should not be held to know that, by legal intendment, the option required them to convey the land free from all incumbrances.

The trial judge appended a memorandum to the findings, to which we have referred and which we may properly consider as throwing light upon the decision. Kipp v. Clinger, 97 Minn. 135, 106 N. W. 108.

1. Specific performance is not of absolute right, but rests in judicial discretion, to be exercised according to settled principles of equity and not arbitrarily with reference to the facts of the particular case. It should never be granted where it is left in doubt whether the party against whom relief is asked made the agreement sought to be enforced

against him. Hennessy v. Woolworth, 128 U. S. 438, 9 Sup. Ct. 109, 32 L. ed. 500; McDermid v. McGregor, 21 Minn. 111, 116; Buckley v. Patterson, 39 Minn. 250, 39 N. W. 490; Abbott v. Moldestad, 74 Minn. 293, 77 N. W. 227, 73 Am. St. 348; First Nat. Bank of Hastings v. Corporation Sec. Co. 128 Minn. 341, 150 N. W. 1084; Enkema v. McIntyre, 136 Minn. 293, 161 N. W. 587, 2 L.R.A. 411; Fry, Spec. Perf. § 44; Pomeroy, Spec. Perf. of Contracts, § 35. There must have been a clear accession on both sides to one and the same set of terms, in order to justify a court in granting this relief. Lanz v. McLaughlin, 14 Minn. 55 (72); Hamlin v. Wistar, 31 Minn. 418, 18 N. W. 145; Langellier v. Schaefer, 36 Minn. 361, 31 N. W. 690; St. Nicholas Church v. Kropp, 135 Minn. 115, 160 N. W. 500, L.R.A. 1917D, 741.

The misunderstanding by either party of the legal effect of the agreement will not prevent specific performance, provided the terms of the agreement are the same as they were designed to be and were those to which the minds of the parties had consented as the result of their negotiations. In Stong v. Lane, 66 Minn. 94, 68 N. W. 765, it was held that, if the minds of both parties meet upon the terms of a contract, and those terms are free from ambiguity, in the absence of fraud or misrepresentation, a mistake of one of the parties alone, resting wholly in his own mind, is no ground for rescission, although, in order to create a binding contract, there must be a meeting of the minds of the parties upon its terms. In the present case in the negotiations preceding the execution of the agreement, the minds of the parties did not meet with reference to the price of the land. The option, in form at least, creates a binding obligation on the part of the defendants. Whether it does so in fact, we need not decide, for, as remarked in Stong v. Lane, supra, an honest mistake of one of the parties may be good ground for refusing specific performance. We hold that, in the exercise of judicial discretion, the district court was justified in refusing it here.

2. The facts differ materially as respects defendants' negligence from those in Caldwell v. Depew, 40 Minn. 528, 42 N. W. 479. There the contract expressly stated the nature and amount of the incumbrances against the land, and provided that such amount should be deducted from the purchase price. The court said these provisions were so clear and unambiguous that no man with his senses about him could misapprehend

them. Here the contract is wholly silent as to the incumbrances. Only by legal intendment does it obligate defendants to pay them. It does not appear that they knew they must furnish a marketable title under the terms of the option as written, and hence were bound to deduct the amount of the mortgages from the purchase price. Their lack of experience in business transactions such as this, and their confidence in plaintiff's superior knowledge, are referred to in the trial court's memorandum and afford some excuse for their ignorance. Under the circumstances we think they were not negligent in failing to ascertain the legal effect of the contract before they signed it. Moreover, it was not found that the mistake arose solely through defendants' negligence (and in this respect the case differs from Caldwell v. Depew, supra), and there is no direct finding that plaintiff has been prejudiced by defendants' alleged negligence. It must appear that plaintiff has been prejudiced by defendants' negligence to entitle him to take advantage of such negligence. Buckley v. Patterson, 39 Minn. 250, 39 N. W. 490; 2 Pomeroy, Eq. Jur. (4th Ed.) § 856, note on page 1751.

3. Although plaintiff is not entitled to specific performance of the contract according to its terms, we think he is entitled, at his election, to take performance of the contract as it was understood by defendants. In other words, he may, at his option, adopt defendants' version of their agreement with him and have its specific performance decreed in accordance with defendants' understanding. Fry, Spec. Perf. §§ 767-773; Pomeroy, Spec. Perf. of Contracts, § 252; Park v. Johnson, 4 Allen, 259-264; Keim v. Lindley (N. J. Ch.) 30 Atl. 1063-1081; Anderson v. Kennedy, 51 Mich. 467, 16 N. W. 816.

4. It may be that plaintiff would be entitled to damages if specific performance were wholly denied. Stong v. Lane, supra. Without so deciding, we hold that there is nothing in the complaint or findings upon which to base a judgment for damages in the present action.

Plaintiff has not asked for specific performance of the contract as understood by defendants, and hence is not entitled to a reversal, but he should have the right to apply to the trial court, if so advised, for a modification of the judgment so that it will grant specific performance in the qualified form above referred to. The judgment is affirmed with-

out prejudice to plaintiff's right so to apply for a modification thereof. Affirmed.