# L. J. MUELLER FURNACE COMPANY v. MARY BURKHART.[1]

## May 13, 1921.

## No. 22,134.

**Application of payment.**

1. When a debtor pays generally on a continuous account, neither he nor his creditor making an application of the payment, the law applies it to the first item on the debit side.

**Mechanic's lien not enforceable.**

2. Applying this rule, it is *held* that a heating company which bought material of the plaintiff for use and which it used in a house of the defendant paid the plaintiff, and that the plaintiff cannot enforce a lien.

Action in the district court for Carver county to recover judgment for $171.51, and foreclose a mechanic's lien for the same. The case was tried before Tifft, J., who made findings and ordered that the action be dismissed. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*H. A. Welch*, for appellant.

*W. C. & W. F. Odell*, for respondent.

DIBELL, J.

Action to foreclose a mechanic's lien for material sold by the plaintiff, a corporation having its principal place of business at Milwaukee, to the Taplin Heating Company, a copartnership doing business at Minneapolis, and by the latter used in the construction of the defendant's house. The defense was payment to the plaintiff by the heating company. The court

[1]Reported in 182 N. W. 909.

found payment. The plaintiff appeals from the judgment in favor of the defendant.

1. The rule is that when a debtor pays generally on a continuous account, neither debtor nor creditor making an application, the payments will be applied on the basis of priority, and the oldest debit item will be first paid, or, in other words, the law applies payments made on the first unpaid debit items. Hersey v. Bennett, 28 Minn. 86, 9 N. W. 590, 41 Am. St. 271; Jefferson v. Church of St. Matthew, 41 Minn. 392, 43 N. W. 74; Board of Co. Commrs. of Redwood County v. Citizens Bank of Redwood Falls, 67 Minn. 236, 69 N. W. 912; Pond & Hasey Co. v. O'Connor, 70 Minn. 266, 73 N. W. 159, 248.

2. The plaintiff kept a loose leaf ledger account with the Taplin company. It designated on the debit side the person for whose use the material furnished was intended. That used in the defendant's house was marked on the ledger account "Burkhart job," or by a similar designation. Material was sold to the heating company for use in particular jobs. The credits were not applied. They variously appear as "cash," "discount," or "credit memo." The credit items were considerably greater in amount than necessary to pay the heating company's debit for the material furnished for the defendant's house, and all prior debits. Applying the rule stated in paragraph 1, which controls when the parties make no application, the heating company paid the plaintiff for the material used in the defendant's house.

Judgment affirmed.