STANDARD SALT & CEMENT COMPANY v. COMMERCIAL CASUALTY INSURANCE COMPANY.[1]

April 1, 1927.

No. 25,820.

**Reasons given by trial judge for his decision will be considered on appeal.**
1. The rule that a memorandum of the trial judge, not expressly made a part of the decision, cannot be considered by this court no longer obtains in its original extent. A decision brought here for review will always be read in the light of the trial judge's statement of his reasons for the ruling.

**Specific direction of debtor controlled application of a certain payment.**
2. It appears from the record that the trial court found that a certain payment should be applied in accordance with the debtor's

[1]Reported in 213 N. W. 543.

specific instead of his general directions. Under these circumstances it was correctly held that the specific direction controlled.

**Inconsistency in findings cleared by memorandum of trial judge.**

3. Reading the findings in the light cast upon them by the trial judge's memorandum accompanying an order denying a motion to amend, it is *held* that an inconsistency in the findings is cleared up and that they support the conclusions of law and the order for judgment.

Appeal and Error, 4 C. J. p. 105 n. 55.
Municipal Corporations, 28 Cyc. p. 1043 n. 75 New.
Payment, 30 Cyc. p. 1228 n. 54; p. 1231 n. 67 New.
Trial, 38 Cyc. p. 1986 n. 84, 85.

See note in 41 A. L. R. 1297; 21 R. C. L. 88; 3 R. C. L. Supp. 1134; 4 R. C. L. Supp. 1404; 5 R. C. L. Supp. 1143; 6 R. C. L. Supp. 1253.

Action in the district court for St. Louis county to recover upon a contractor's bond. Plaintiff appealed from a judgment, Fesler, J., entered in its favor for $1,000 less than the amount it sought to recover. Affirmed.

*Alford & Hunt,* for appellant.
*Archer & Rosemeier,* for respondent.

LEES, C.

This is an appeal from a judgment in favor of the plaintiff for $1,000 less than the amount it sought to recover.

The complaint alleges that Evenson & Utterberg were contractors engaged in erecting a unit of the city hall at Virginia; that the respondent insurance company was surety on their bond, conditioned as required by G. S. 1923, § 9700, relating to bonds of public contractors; that appellant furnished materials to the contractors for use in the construction of the building; that the materials were of the value of $5,743.53, and that only $3,296.49 had been paid.

The answer admitted all of these allegations except the one as to payment, alleging that the full amount of appellant's claim had been paid except $194.44, for which amount judgment was tendered.

The court found:

That appellant had sold and delivered to the contractors "certain materials for use in the construction of said city hall unit" and that "said materials were, in fact, so used. And said defendants, other than Commercial Casualty Insurance Company, promised to pay for said materials the sum of $5,743.53; * * * that * * * no part thereof has been paid except the sum of $3,296.49, and there remains owing to plaintiff the sum of $2,446.94, with interest thereon from June 30, 1923. That of said sum of $2,446.94, $1,446.94 thereof and no more is due and owing to the plaintiff on account of materials furnished by plaintiff for the construction of said City Hall in said City of Virginia."

The appellant moved to amend the findings so as to read that $2,446.94, instead of $1,446.94, was due and owing for materials furnished for the construction of the city hall. The motion was denied, the court saying that the findings were not contradictory; that the respondent was the only defendant who answered; that the only issues tried were those between it and the appellant; that only $1,446.94 was due on the city hall contract from the respondent; and that judgment against the other defendants for $2,446.94 might be taken by default.

The first question presented is whether the order for judgment for $1,446.94, instead of $2,446.94, is warranted by the findings. Appellant contends that it is not, because the facts as found compel the conclusion that the contractors still owe $2,446.94 on the city hall job. If this is so, the respondent, as their surety, is responsible for the payment of that amount, and the order for judgment is wrong.

Respondent contends that the refusal to amend the findings, read in the light of the accompanying memorandum, shows clearly enough that the court intended to find that the contractors owed appellant $2,446.94 on general account; that, of that amount, $1,446.94 represented the balance due on the city hall job, and the remainder, the balance due on other jobs for which respondent is not responsible.

The rule that a memorandum of the trial judge, not expressly made a part of a decision, cannot be considered by this court no longer obtains; it has been departed from materially in recent decisions. Kipp v. Clinger, 97 Minn. 135, 106 N. W. 108; Baker v. Polydisky, 144 Minn. 72, 174 N. W. 526.

A statement of the court's reasons for its decision gives the appellate court the benefit of the point of view of the trial court, throws light on the decision and helps to clear up doubts and uncertainties, if any there be. It also informs the parties and their counsel why the decision was rendered. This is an important consideration, for a defeated party ought to know the grounds upon which the court decided against him.

Aided by the memorandum, we have no difficulty in ascertaining the meaning of the findings. Of course the court did not intend to hold the contractors for $2,446.94 and at the same time relieve their surety of liability for a substantial portion of that amount. It was intended that appellant should have a default judgment against the contractors for $2,446.94, the total amount of their indebtedness, and that the judgment against the respondent should be $1,000 less because all but $1,446.94 due on the city hall job had been paid.

The respondent made no request for a specific finding concerning the application of a payment of $1,000 made by check dated July 5, 1923, and neither party moved for a new trial. The record shows that the basis of the trial court's decision was the application of this payment.

It appears that the contractors purchased materials from the appellant to fulfil contracts for the construction of three separate buildings, the Lincoln school and the city hall in Virginia, and the Elks club house in Eveleth. The school and the club house were completed prior to the date when the first materials for the city hall were furnished. On June 11, 1923, the appellant wrote to the contractors acknowledging receipt of a check for $500, which reduced the balance due on the old account to approximately $1,500, and said:

"We should have at least another $1,500 to clean up past due account. We are making shipments on your new account, and you

surely will agree that we are entitled to getting this old account cleaned up as you are getting new deliveries."

Thereafter the contractors mailed a check of $1,000 to the appellant. The check bears this indorsement: "For acct. City Hall, Virginia, Minn." It was drawn on a Virginia bank and was accompanied by a letter in which this was said: "Please accept our check for $1,000 to apply on our account."

If the check was or should have been applied on the old indebtedness, the balance due on the city hall job is $2,446.94; otherwise, the balance is $1,446.94.

The debtors had the right to apply the payment as they saw fit. They gave a specific and a general direction as to its application. The two are inconsistent. That being the case, the specific prevails over the general direction. True, one of appellant's officers testified that one of the contractors told him after July 5, 1923, that they intended that the check should be applied on the old account, and the testimony was not contradicted. It is an important but not a controlling circumstance. The trial court must have thought that it did not overcome the effect of the indorsement on the check. We construe the findings to mean that the contractors directed that the payment be applied on the city hall account. If they did, it was the duty of the appellant to apply it as directed. L. J. Mueller Furnace Co. v. Burkhart, 149 Minn. 68, 182 N. W. 909; Standard Oil Co. v. Day, 161 Minn. 281, 201 N. W. 410, 41 A. L. R. 1291; Radichel v. Federal Sur. Co. 170 Minn. 92, 212 N. W. 171. The findings, when construed as above, support the conclusions of law and the judgment. If the motion to amend had not been made and the memorandum had not been written, the judgment could not be affirmed, for one portion of the findings would entitle appellant to judgment for $2,446.94 and another portion to judgment for $1,446.94. But the seeming inconsistency is cleared up when the entire record is examined. There is no necessity for a retrial or an amendment of the findings.

The rules as to amendments of findings will be found in Dwinnell v. Minneapolis F. & M. Mut. Ins. Co. 97 Minn. 340, 106 N. W. 312;

Breen v. Cameron, 132 Minn. 357, 157 N. W. 500; Hunt v. Meeker County A. & L. Co. 135 Minn. 134, 160 N. W. 496; Morrison County Lbr. Co. v. Duclos, 138 Minn. 20, 163 N. W. 734; Nash v. Kirschoff, 161 Minn. 409, 201 N. W. 617.

The judgment is affirmed.