MARTHALER MACHINE & ENGINEERING COMPANY v. FRANK E. MEYERS.[1]

February 24, 1928.

No. 26,570.

**Judge's memorandum used to show order relieving against mistake was discretionary under the statute.**

1. Defendant moved to vacate the judgment against him on the ground that it is "absolutely void, and for such other relief as may be just with costs." He based his motion upon a proposed answer and his own affidavit wherein he denied that any summons in the action had ever been served upon him and set out matters in defense of the suit. The court, after hearing the motion, made its order vacating and opening the judgment and permitting defendant to interpose his answer and setting the case down for trial. In its memorandum, filed with but not expressly made a part of the order, the court stated that the order was not made on the ground that the summons had not been properly served, but was made in the interest of justice and in order that a trial be had on the merits. *Held* that the memorandum may be considered in connection with the order to throw light upon and aid in showing the ground upon which the order was made, and that it clearly appears that it was made as a discretionary order under G. S. 1923, § 9283.

[1]Reported in 218 N. W. 127.

**When such relief from judgment is authorized.**

2. An order granting relief from a judgment under § 9283 is authorized only when the moving party makes a showing of some mistake, inadvertence, surprise or excusable neglect on his part, and the motion is made within a reasonable time after notice of the judgment and in any event within one year after such notice.

**Default judgment in action on contract for payment of money only may be entered without an order of court.**

3. An action for goods sold and delivered to defendant at his special instance and request, and stated to be of the reasonable value of a specified sum, is an action on contract for the payment of money only, under G. S. 1923, § 9256(1), and judgment on default in such action is properly entered by the clerk without an order of court.

Judgments, 34 C. J. p. 149 n. 37; p. 178 n. 43; p. 370 n. 72.

See 15 R. C. L. 693, 707; 6 R. C. L. Supp. 928.

Plaintiff appealed from an order of the municipal court of St. Paul, Parks, J. vacating a judgment entered in its favor. Reversed.

*Herbert F. Schoening,* for appellant.
*Charles H. Winter,* for respondent.

OLSEN, C.

Plaintiff appeals from an order vacating a judgment in its favor.

Defendant moved to set aside the judgment on the ground that it is "absolutely void, and for such other relief as may be just with costs." He accompanied his notice of motion with and based the motion upon his own affidavit and a proposed answer. In the affidavit he denied that any summons in the action was ever served upon him and set forth matters in defense of the action.

1. The court, by its order, does not vacate the judgment on jurisdictional grounds or because of any failure to serve the summons upon defendant, but vacates and opens the judgment to permit defendant to interpose his answer, and sets the case down for trial. In its memorandum, filed with but not expressly made a part of the order, the court states that the order is "not made by reason

of the failure of a proper service but is granted in order that justice may be done and that the case may fairly be determined upon the merits." The record contains proof of service, shown by affidavit of the person making such service and supported by his additional affidavit presented at the hearing. Other circumstances shown tend to support rather than to overcome the proof of service. Defendant's showing of want of service is weak, but presents a question of fact which might have justified the order if the court had based it on that ground. The court's memorandum was not expressly made a part of the order, but such memorandum may be considered where it throws light upon or furnishes a "controlling reason" for the court's findings or order. This is such a case. Johnson v. Johnson, 92 Minn. 167, 170, 99 N. W. 803; Bradley v. Bradley Est. Co. 97 Minn. 130, 106 N. W. 338; Kipp v. Clinger, 97 Minn. 135, 106 N. W. 108; Gay v. Kelley, 109 Minn. 101, 123 N. W. 295, 26 L.R.A.(N.S.) 742; Baker v. Polydisky, 144 Minn. 72, 174 N. W. 526; Standard S. & C. Co. v. Commercial Cas. Ins. Co. 171 Minn. 39, 213 N. W. 543.

Construed in the light of the court's memorandum, it is clear that the order was made as a discretionary order under G. S. 1923, § 9283, granting power to the court, at any time within one year after notice thereof, in its discretion, to relieve a party from a judgment entered against him through his mistake, inadvertence, surprise or excusable neglect.

2. To obtain relief under the section of the statute noted, the moving party must make his application within a reasonable time after notice of the judgment, and at all events within one year after such notice. 3 Dunnell, Minn. Dig. (2 ed.) § 5015, and cases cited, n. 56. The order here made cannot be sustained for two reasons: Defendant makes no showing of mistake, inadvertence, surprise or excusable neglect. In the second place, the judgment was entered on June 28, 1926, and on July 1, 1926, plaintiff's attorneys notified the defendant by letter that they had entered judgment against him in the matter. A few days later defendant acknowledged receipt of the letter, and in his letter stated: "I notice you say you were forced to enter judgment against me." The motion to vacate the judgment was not made until September 19, 1927. Defendant

now claims the notice was insufficient because it did not state at what place or in what court the judgment was entered. He made no claim as to that in his letter; and, as the order was made on the basis that the summons was properly served, he cannot now claim lack of information as to where and in what court the judgment was entered.

3. The cause of action stated in the complaint is for an indebtedness of $189.15 "for goods sold and delivered to defendant, at defendant's special instance and request and which were reasonably worth said sum." Defendant claims that this is a cause of action for unliquidated damages and that the action comes under G. S. 1923, § 9256(2), and therefore the clerk had no authority to enter judgment by default, without a hearing before the court on the amount of damages or value of the goods and an order for judgment by the court. This claim is disposed of by the case of Thomas-Halvorson Lbr. Co. v. McRell, 165 Minn. 460, 206 N. W. 951. If in fact the action was, as defendant now claims, for materials furnished and services rendered, it would likewise be one for entry of judgment by default under § 9256(1). Whereatt v. Ellis, 68 Wis. 61, 30 N. W. 520, 31 N. W. 762.

The order appealed from is reversed.