# IN RE ASSESSMENT FOR HAZEL PARK SEWER SYSTEM. CITY OF ST. PAUL v. E. P. SANBORN AND OTHERS.[1]

December 14, 1928.

No. 26,988.

[1]Reported in 222 N. W. 522.

*Eugene M. O'Neill,* for appellant.
*Edward P. Sanborn,* for respondents Sanborn and Ames.
*Kyle & Kyle,* for respondent Hillcrest Golf Club.

HOLT, J.

Upon a hearing for confirmation of assessments against the several parcels of land, of the different owners, benefited by the construction of the Belt Line-Phalen and Hazel Park sewer system, the court found the assessments exceeded the benefits as to certain parcels owned by respondents and reduced the same to an amount which would not exceed the benefits and as so reduced confirmed them. From the judgment entered on the findings, the city of St. Paul appeals.

The lands involved are in the northeasterly corner of the city now used, if at all, for a golf course, truck farming and pasture. Most of it is very broken and hilly. Some of it, though long ago platted into city lots, has not been improved. No lots have been sold. Streets as a rule exist on paper only. Part of the golf course was at one time so platted. Very few lots if any are on the line of the sewers for which the assessments are made. The 117-acre golf course will be no nearer than a quarter of a mile to any of the sewer mains now projected. As far as the territory here involved is concerned, it was divided into drainage districts, and apparently the assessments were spread according to the method contemplated by § 236 of the charter of the city. In one district the assessment was on the basis of one mill a square foot. In another separated by an irregular line it was four mills a square foot. The court virtually determined that the benefits did not exceed one mill per square foot on any parcel not adjacent to the trunk or main branches of the sewers to be constructed under this assessment.

The appeal challenges the findings of fact as unsupported. Of these the only ones material and decisive are the one that the construction of the sewer has not materially increased the market value

of the Hillcrest Golf Club property (117 acres) and it is not presently benefited to any greater extent than in certain amounts stated, to which amounts the assessments were reduced; and the other, that the lots and parcels owned respectively by respondents Edward P. Sanborn individually, Helen F. Ames and Edward P. Sanborn as tenants in common, and by Helen F. Ames individually, are not benefited by the construction of the sewer to the amount of the respective assessments made and are not benefited to any greater extent than stated in the findings, to which amount the assessments are reduced except as to one certain lot stricken from the assessments.

There was some testimony offered by the city that the golf club property was increased in market value 25 per cent by the improvement, but another of its witnesses gave a more flexible estimate of from 10 to 25 per cent. The court's estimate on an average is somewhat above 10 per cent. But there was also testimony that the property was not increased in market value in any amount by the sewer system, no part of which is now to be constructed nearer than as stated to these 117 acres. With testimony so at variance, it cannot successfully be contended that the finding is unsupported. It is to be remembered that no part of the golf club property for which this assessment is laid can avail itself of the drainage thereby provided until there have been imposed other assessments for mains, submains and laterals. This does not mean that property in the drainage district, because not reached by the trunk sewer or main for which the assessment is made, must escape altogether. Assessments may be spread by the method indicated by § 236 of the city charter, but even so the ultimate test to be applied is that the assessment for any improvement may not exceed the benefit thereby conferred upon the property sought to be assessed.

Counsel for the city of course concedes this to be so, but finds indications in the two memoranda filed by the court (not referred to in the findings nor made a part thereof) of a straying both from the law and facts. We shall not stop to attempt to analyze or reconcile these memoranda. There are statements therein which present some difficulty.

Respondents cite, among other cases, Kipp v. Clinger, 97 Minn. 135, 106 N. W. 108; Scheurer v. G. N. Ry. Co. 141 Minn. 503, 170 N. W. 505, to the proposition that if the evidence justifies the finding the conclusion or reasoning of the court as expressed in the memorandum, though erroneous, does not invalidate the finding. But even when the memorandum is not made a part of the decision it may be referred to by this court for a better understanding of the point of view of the court below, and in that light we examine the findings. Marthaler Mach. & Eng. Co. v. Meyers, 173 Minn. 606, 218 N. W. 127. With these decisions in mind we think it clearly appears that the trial court applied the correct principle, above stated, viz. that the amount of the assessment upon any piece or parcel of land could not exceed the special benefits conferred upon such piece or parcel. And we think the record furnished so ample warrant for the limit the court set as to each parcel of the 117 acres owned by the golf club that the same should stand. As to the parts in the tracts owned by Edward P. Sanborn and Helen F. Ames individually, and as tenants in common, the evidence abundantly supports the finding as to the amount in which such tracts were benefited by the projected improvement, and justified a reduction to that amount.

Error is assigned upon a ruling sustaining an objection to a question asked a witness for respondents on cross-examination relative to values of property in an addition in the city very remote from the property involved in this assessment. The ruling did not unduly restrict the right of cross-examination. Moreover, it was not apparent what relevancy the answer to the question could have upon the weight or credibility of the testimony the witness had given.

The city attorney, realizing that this is a case where the findings are so well supported that an appellate court ought not disturb them, is much concerned lest an erroneous view which he thinks the trial court announced in one of the memoranda is approved. It is said the trial court expressed the thought that an assessment cannot be made for a main or trunk sewer against property not reached thereby, but which must submit in the future to assessments for

submains and laterals in order to make use of the drainage provided by the main or trunk sewer. That this is a misapprehension of the city attorney seems evident from the fact that the court below found the golf club property, no part of which was within a quarter of a mile of any sewer to be constructed under this assessment, was benefited, to the amount of over $4,000, and sustained the assessment up to that amount. Of course it is not necessary that the sewer or improvement should abut the particular parcel in order to subject it to assessment for benefits, so long as some benefit by way of enhanced market value inures to it. State ex rel. Burger v. District Court, 33 Minn. 295, 23 N. W. 222; City of Globe v. Willis, 16 Ariz. 378, 146 P. 544; Graham v. City of Grand Rapids, 179 Mich. 378, 146 N. W. 248, Ann. Cas. 1915D, 380. Benefits are to be measured by increased market value. State ex rel. Burger v. District Court, 33 Minn. 295, 23 N. W. 222; In re Improvement of Superior Street, Duluth, 172 Minn. 554, 216 N. W. 318. Market value of a lot may be increased by a potential access to a trunk sewer by the construction of a lateral or submain.

Section 236 of the charter of St. Paul provides for the survey of the city into natural drainage areas and districts, and the assessment of the several parcels and tracts of land therein on the square foot basis for main or trunk sewers. A similar districting was held valid in In re Delinquent Taxes in Polk County, 147 Minn. 344, 180 N. W. 240. No doubt the city attorney is correct in the contention that the square foot assessment is not to be applied equally and unyieldingly to every parcel or lot in the district. Section 255 should also be given effect, and above all the constitutional test that in no event may the assessment upon any lot or parcel of land exceed in amount the special benefits conferred thereon by the construction of the improvement assessed for. A somewhat similar problem was involved in Mayer v. City of Shakopee, 114 Minn. 80, 130 N. W. 77.

The judgment is affirmed.